[The preceding cases in this volume were reported by A. M. Jackson, Jr. The following cases are reported by Sam. A. Willson.]

### GEORGE JONES v. THE STATE.

*No. 2941. Decided January 19.*

**1. Fornication—Modes of Committing.**—There are two modes of committing fornication: 1. By the living together and carnal intercourse with each other of a man and woman, both being unmarried. 2. By such man and woman having habitual carnal intercourse with each other, without living together.

**2. Same—Indictment.**—An indictment which charges that the man and woman had habitual carnal intercourse with each other, but does not allege that such intercourse was had "without living together," does not charge either of the modes of committing fornication, and is substantially defective.

APPEAL from the County Court of Victoria. Tried below before Hon. J. L. Dupree, County Judge.

Conviction for fornication; fine $50.

The indictment charges as follows: "That one George Jones, a man, and one Patsy Johnson, a woman, late of said county, on the 1st day of July, in the year of our Lord one thousand eight hundred and eighty-nine, in Victoria County, Texas, and continuously for two years prior to that date, did then and there have habitual carnal intercourse with each other, the said George Jones and said Patsy Johnson not then and there being married to each other, but both the said George Jones and the said Patsy Johnson were then and there unmarried." Defendant moved in arrest of judgment upon the ground that the indictment does not charge an offense against the law, etc. His said motion was overruled.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General for the State, in support of the indictment cites Willson's Crim. Stats., sec. 526; Willson's Crim. Forms, 216, 217; 8 Am. and Eng. Encyc. of Law, p. 560, note 3; Carr v. The State, 19 Texas Ct. App., 645.

WILLSON, JUDGE.—Under our code two modes of committing the offense of fornication are designated: 1. By living together and carnal

intercourse with each other of a man and woman, both being unmarried. 2. By such man and woman having habitual carnal intercourse with each other, without living together. Penal Code, art. 837.

In this case the indictment charges that the man and woman did have habitual carnal intercourse with each other, but does not allege that they lived together at the time of having such intercourse, nor that they had such intercourse without living together.

It was doubtless the intention of the pleader to charge the second mode of committing the offense, that is, by having habitual carnal intercourse with each other without living together. He failed, however, to so charge, as the words of the statute, " without living together," are not used in the indictment.

We are of the opinion that the indictment is fatally defective because it does not charge either of the modes of committing the offense of fornication. Mitten v. The State, 24 Texas Ct. App., 346.

Because the indictment is defective in matter of substance, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Hurt, J., dissents.