CHAS. TRACEY v. THE STATE.

No. 2150. Decided February 13, 1901.

**1. Misdemeanor—Objection to Omission in Charge—Practice.**

No objection to omissions in the charge of the court in a misdemeanor case will be considered where defendant requested no written charge upon the subject which was refused by the court.

**2. Keeping a Disorderly House—Construction of Statute.**

Under article 360, Penal Code, it is not necessary to prove that defendant was keeping lewd women at some house for other men's use. The statute says: "Any other place appropriated and used for such purposes is a disorderly house." Where defendant traveled about the country with women he had hired in the

capacity of prostitutes, and the acts of prostitution were carried on in defendant's hack or wagon, defendant receiving part of the proceeds derived from the acts of prostitution—this constituted him the keeper of a disorderly house.

Appeal from the County Court of Wise.  Tried below before Hon. S. G. Tankersley, County Judge.

Appeal from a conviction for keeping a disorderly house; penalty, a fine of $200.

The case is stated in the opinion.

*Bullock & Basham,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted for keeping a disorderly house, and his punishment assessed at a fine of $200; hence this appeal.

Appellant complains in the motion for new trial, that the court did not give a charge on accomplice testimony, and he contends that two of the witnesses were accomplices, and that such a charge should have been given by the court. The record suggests appellant is correct as to two of the witnesses occupying the attitude of accomplices. See Stone v. State, 22 Texas Crim. App., 185. However, appellant asked no charge on this subject, and it being a misdemeanor case, before he can complain, a written charge should have been requested and refused. Appellant also insists that the evidence fails to support the verdict, in that it is not shown, if appellant was engaged in using lewd women for immoral purposes, that he was so engaged at any house. Under our construction of article 360, Penal Code, we do not believe it was necessary to prove that appellant was keeping the lewd women at some house for other men's uses, as the statute says that "any room or part of a building or other place appropriated or used for either purposes above enumerated is a disorderly house within the meaning of this chapter." The proof shows that appellant was carrying the women around through the country, stopping at various places, and, while lewd practices were not carried on in a tent, they had a tent along with them, and the prostitution was carried on in the hack and wagon, which were under appellant's control. He was evidently the keeper, and received a part of the proceeds paid them for prostitution. Moreover, he is shown to have hired them by the month to travel with him in the capacity of prostitutes. The judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]