## DAN JULEY v. STATE.

### No. 2778.　Decided October 21, 1903.

**1.—Assault with Intent to Murder—Deadly Weapon—Charge.**

Where the court, in defining a deadly weapon, told the jury a deadly weapon was "such as a gun used as a firearm within carrying distance," Held, as applied to the facts of this case, no error.

**2.—Same—Evidence.**

A charge is not called for on a phase of the case not authorized by the evidence.

**3.—New Trial—Newly Discovered Evidence.**

Where an application for new trial is neither sworn to by defendant nor by the alleged newly discovered witness, the same is without merit and will not be considered.

Appeal from the District Court of Sabine. Tried below before Hon. Tom C. Davis.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

No statement necessary.

*Goodrich & Synnott,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years.

During the trial exception was taken to some of the remarks of the district attorney to the jury, but we see nothing here that would authorize a reversal of the case.

Exception was reserved to various portions of the court's charge. Among other things, appellant excepted to the charge of the court defining a deadly weapon "as a gun used as a firearm within carrying distance." As applied to the facts of this case, there was no error in this charge.

Nor did the court err in defining an assault. The expressions here used were in accordance with the statute.

Nor was the court called on to instruct the jury as to appellant's rights in case John Bolton, at the time he made the assault on him, was forcing him into a dangerous place against his will. There is no testimony authorizing a charge on this subject. The evidence shows that, at prosecutor Bolton's request, defendant had agreed to accompany him to Bolton's house to confront his wife, whom Bolton alleged defendant had attempted to debauch, and there explain and settle the matter; and that on the way appellant, who was armed, dropped behind and, at close range, discharged his gun at him, powder burning his neck and face. There is no testimony traversing this evidence. The court fairly submitted all the issues arising under the evidence, and the charge is not subject to the criticisms mentioned or others invoked by appellant.

Nor is there anything in appellant's application for new trial based on newly discovered testimony. The application is neither sworn to by appellant nor by the alleged newly discovered witnesses.

The judgment is affirmed.

*Affirmed.*