## ALFRED WILLIAMS v. THE STATE.

### No. 3631. Decided April 29, 1908.

#### 1.—Malicious Mischief—Former Jeopardy—Dismissal—Appeal.

Where in a conviction of misdemeanor in the justice court, and appeal to the county court, the latter court dismissed the case on the verbal motion of the county attorney that he would prosecute no longer, and thereupon the State's counsel filed an information in the county court for the same offense, the plea of former jeopardy was no bar to the second prosecution; and this, although the county attorney had not filed his reasons in writing for such dismissal. Following Parchman v. State, 2 Texas Crim. App., 228.

**2.—Same—Charge of Court—Accomplice Testimony—Practice—Misdemeanor.**

While all parties in misdemeanor cases are principals, still under article 781, Code Criminal Procedure, the word accomplice as there used, includes principals, accomplices and accessories after the fact, and has a broader signification when applied to evidence than it has in article 79, Penal Code, and the rule requiring corroboration of the testimony of an accomplice applies to all particeps criminis alike in misdemeanor and felony cases; but failure to request such a charge in misdemeanor cases answers the objection of the court's failure to submit such a charge. Following Tracy v. State, 42 Texas. Crim. Rep., 494; 61 S. W. Rep., 127.

**3.—Same—Grade of Offense—Value—Practice on Appeal**

Where upon appeal from a conviction in a misdemeanor case, the contention of appellant that the offense was graded and depended upon the value of the property alleged to have been injured, was for the first time raised in appellant's brief, and was not called to the attention of the trial court either by bill of exceptions or in motion for new trial, the same could not be considered on appeal. Following Godwin v. State, 39 Texas Crim. App., 404; and other cases.

Appeal from the County Court of Hall. Tried below before the Hon. D. H. Boyles.

Appeal from a conviction of willfully and wantonly injuring real and personal property belonging to another; penalty, a fine of $5.

The State's testimony shows that the defendant and his companion were caught in the act of befouling the floor of prosecutor's vacant house; that they were jointly prosecuted and convicted in the justice court, the defendant appealing his case to the County Court, and his companion turning State's evidence. The owner of the house, and two other State's witnesses testified to the facts constituting the offense and defendant's connection therewith, which was also testified to by defendant's companion. This with the statement in the opinion constitutes a sufficient statement of the case.

*E. W. Bounds,* for appellant.—On question of former jeopardy: Ex parte McNamara v. State, 33 Texas Crim. Rep., 363; Kellett v. State, 51 Texas Crim. Rep., 641; 19 Texas Ct. Rep., 297; Timco v. State, 9 Texas Crim. App., 338; Wright v. State, 17 Texas Crim. App., 152; Grisham v. State, 19 Crim. App., 504; Burks v. State, 24 Texas Crim. App., 326. On question of accomplice testimony: White's Code Criminal Procedure, p. 623, article 781. On question of value and graded offense: Beaufire v. State, 37 Texas Crim. Rep., 50; White's Penal Code, article 791.

*F. J. McCord,* Assistant Attorney-General, and *Frank Ollorf,* for the State.—On question of former jeopardy: Williams v. State, 34 Texas Crim. Rep., 433; 30 S. W. Rep., 1063, and authorities cited in opinion. On question of charge on accomplice testimony: Pryor v. State, 40 Texas Crim. Rep., 643; 51 S. W. Rep., 375; Abbot v. State, 42 Texas Crim. Rep., 8; 57 S. W. Rep., 97, and authorities cited in opinion.

RAMSEY, JUDGE.—Appellant was charged by information in the county court of Falls County with willfully, wantonly, and mischie-

vously injuring certain real and personal property belonging to one Smith. In another count it was alleged that he injured a certain room in a dwelling house belonging to Smith by befouling, defacing and discoloring the floor of said room, and in a third count the same charge was laid against him. In the first count the window charged to have been injured was alleged to be of the value of $1. In the second count the room injured was alleged to be of the value of $45, and in the third count the value of the room charged to have been injured was alleged to be of the value of $190. On trial he was convicted, and his punishment assessed at a fine of $5.

1. Appellant relies, substantially, on three propositions for reversal of his cause: First: It is claimed that the court erred in overruling appellant's special plea of former jeopardy and former conviction. The facts briefly show that a complaint was filed against him in the justice court of Falls County alleging injury to property of the value of less than $50, and that on trial he was in the justice court convicted, but thereafter and within the time and manner provided by law he perfected an appeal in said cause to the County Court of Falls County; that thereafter a nolle prosequi was entered in said cause and same dismissed. The contention of appellant, as we understand, is that the county attorney had no authority to dismiss the case appealed from the justice court to the county court without first filing his reasons therefor in writing, and having such reasons incorporated in the judgment of dismissal, and that said cause having been dismissed without such reasons being filed, the action of the county court is void, and the cause is still on the docket against appellant. We do not think that this contention can be sustained. In the first place, when appellant perfected his appeal from the justice court this had the result to absolutely vacate the former judgment of conviction, and the case stood for trial in the county court de novo and as though the prosecution had just begun, and as though no conviction had theretofore been had. It lay well within the power of the county attorney for good cause and by consent of the court to enter an order of dismissal or nolle prosequi therein. The statute requiring the county attorney in such cases to file his reasons is largely directory, and when and where, on filing such reasons, or without filing same, the court having jurisdiction of the case does in fact enter an order of dismissal, such judgment is conclusive. While in practice it is better for the protection and information of the court to preserve in substantial form the grounds of the county attorney's action, the failure so to do will not have the effect to render the judgment of the court invalid. Parchman v. State, 2 Texas Crim. App., 228.

2. Again, it is contended that the court erred in failing to charge the jury that Aurelious Nicholson, a witness in the case, was an accomplice, and that before they could convict appellant the testimony of this witness must be corroborated. We think under the evidence that this witness was an accomplice in the sense that this term is used in article 781 of our Code of Criminal Procedure. It has been not in-

frequently held that the word "accomplice," when applied to evidence, includes not only principal offenders, but accomplices, accessories, and all those who are particeps criminis; that it has a broader signification when applied to evidence than it has in article 79 of the Penal Code, which defines an accomplice in crime; that as used in our Code of Criminal Procedure, requiring the corroboration of the testimony of the accomplice in order to convict, it means a person who, either as a principal, accomplice, or as accessory, is connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Phillips v. State, 17 Texas Crim. App., 169; Anderson v. State, 39 Texas Crim. Rep., 83. While it is said, and is undoubtedly the law, that in misdemeanor cases all parties are principals, and that there are no accomplices in misdemeanors, still the rule requiring corroboration of the testimony of an accomplice has been frequently held to apply in such cases. See Schwartz v. State, 38 Texas Crim. Rep., 26; Keith v. State, 38 Texas Crim. Rep., 678, and Bolton v. State, 43 S. W. Rep., 984. In this case, however, there was no request for such an instruction. Such failure to request such a charge under our decisions answers appellant's contention. This precise point was so ruled in the case of Tracey v. State, 42 Texas Crim. Rep., 494; 61 S. W. Rep., 127. In that case the court say: "Appellant complains in the motion for a new trial that the court did not give a charge on accomplice testimony, and he contends that two of the witnesses were accomplices, and that such a charge should have been given by the court. The record suggests appellant is correct as to two of the witnesses occupying the attitude of accomplices. See Stone v. State, 22 Texas Crim. App., 185. However, appellant asked no charge on this subject, and it being a misdemeanor case, before he can complain, a written charge should have been requested and refused."

3. The next substantial contention asserted by appellant is that the offense of which appellant is charged being a graded offense and there being no proof of the value of the property injured, the court erred in not instructing a verdict for the defendant, and under his assignment raising this question, the following proposition is submitted: "The offense being a graded offense and the grade of the offense depending upon the value of the property alleged to have been injured, and no value being proved, the jury had no right to assume that the defendant was guilty of the lowest grade of the offense." A sufficient answer to this contention is that this assignment was raised for the first time in appellant's brief; that said matter is not raised either by exception, nor was same called to the attention of the court in appellant's motion for a new trial. We think, under the provisions of article 723 of of the Code of Criminal Procedure, approved March 12, 1897, that this contention is not available to appellant. It was held in Bailey v. State, 45 S. W. Rep., 708, that where no exceptions were reserved to the charge of the court or the failure of the court to give requested charges either

by bills of exception reserved at the time or in the motion for a new trial; that even if all the phases of the case are not sufficiently covered by the charges given, appellant is not in a condition to complain. Godwin v. State, 39 Texas Crim. Rep., 404; Lucas v. State, 39 Texas Crim. Rep., 48; Wright v. State, 39 Texas Crim. Rep., 193; Magee v. State, 43 S. W. Rep., 512; Manning v. State, 46 Texas Crim. Rep., 326; 81 S. W. Rep., 957. These cases are abundant authority, if any was needed, to sustain the proposition that this assignment of error as now presented cannot be considered.

Finding no error in the record, as presented, the judgment of the court below is affirmed.

*Affirmed.*

Brooks, Judge, absent.