JOHN RUSSELL v. THE STATE.

No. 3878.     Decided May 13, 1908.

**1.—Adultery—Charge of Court—Reasonable Doubt—Burden of Proof.**

Where upon trial for adultery the requested charges on burden of proof, reasonable doubt and circumstantial evidence were covered by the court's charge, there was no error in refusing them.

**2.—Same—Jury and Jury Law—Opinion of Juror.**

Where upon trial for adultery, the record showed that the juror objected to on account of his opinion did not base his opinion on the fact that he had talked with any one of the witnesses, but on rumor, and that nothing was said that the juror was distasteful to the defendant, etc., and that the juror was otherwise qualified, there was no error.

**3.—Same—Evidence—Circumstances.**

Upon trial for adultery there was no error in permitting the State's witness to testify that he had seen defendant's horse hitched at the home of his paramour.

**4.—Same—Evidence—Date of Offense.**

Upon trial for adultery the fact that the acts inquired about were subsequent to the date alleged in the indictment, would not render the testimony inadmissible.

**5.—Same—Argument of Counsel.**

Where the argument of counsel, in the light of the explanation of the court, was not objectionable, there was no error.

**6.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for adultery the defendant admitted his marriage, there was no error in assuming this fact in the charge of the court. Following Nelson v. State, 35 Texas Crim. Rep., 205 and other cases.

**7.—Same—Misconduct of Jury.**

Where the evidence upon the issue of the misconduct of the jury, refutes such misconduct, there was no error in not granting a new trial upon this ground.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of adultery; penalty, a fine of $125.

The opinion states the case.

*A. G. Walker and Roy L. Walker,* for appellant.—On question of refused charges: Jones v. State, 34 Texas Crim. Rep., 590; 30 S. W. Rep., 1059; Smith v. State, 35 Texas Crim. Rep., 618; 33 S. W. Rep., 339; Black v. State, 1 Texas Crim. App., 368; Phillips v. State, 26 Texas Crim. Rep., 228; 9 S. W. Rep., 557. Upon question of charge assuming marriage: Clayton v. State, 4 Texas Crim. App., 515. On question of insufficiency of evidence: Dugger v. State, 27 Texas Crim. App., 95; Richardson v. State, 37 Texas, 347; Bradshaw v. State, 61 S. W. Rep., 713; Collum v. State, 10 Texas Crim. App., 708; Ledbetter v. State, 21 Texas Crim. App., 344; Thomas v. State, 12 S. W. Rep., 1098.

*F. J. McCord,* Assistant Attorney-General and *Jno. E. Brown,* County Attorney, for the State.—On question of juror: Hamlin v. State, 39 Texas Crim. Rep., 579; Sawyer v. State, 39 Texas Crim. Rep., 557; Cason v. State, 52 Texas Crim. Rep., 220; 20 Texas Ct. Rep., 340; Suit v. State, 30 Texas Crim. App., 319; Adams v. State, 35 Texas Crim. Rep., 285; Trotter v. State, 37 Texas Crim. Rep., 468; Dean v. State, 37 Texas Crim. Rep., 506; May v. State, 33 Texas Crim. Rep., 74; Reed v. State, 32 Texas Crim. Rep., 25; Miller v. State, 32 Texas Crim. Rep., 319.

BROOKS, JUDGE.—Appellant was convicted of adultery and his punishment assessed at a fine of $125.

The evidence in the case showed that appellant admitted his marriage to Tillie Russell. It further showed that appellant, while so married, habitually visited the home of Mary McSween, a widow, and was seen in actual intercourse with her on one occasion, and was seen in and about her home, and in her room, on various and sundry other occasions, no one else being at home except her and her little children. Appellant asked the court to charge the jury as follows: "You are instructed that the burden of proof in a criminal case is upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant. You are further instructed that the burden of proof in a criminal case never shifts from the State to the defendant, but remains upon the State throughout the trial of the case." This charge was covered by the main charge of the court wherein the court charged reasonable doubt and instructed the jury that the State must prove defendant's guilt beyond a reasonable doubt. The court charged upon circumstantial evidence properly and hence it was not error to refuse to give the charge asked by appellant on that subject.

Bill of exceptions No. 1 complains that O. D. Mann, one of the regular jurors for the week, upon his voir dire, stated that he lived and was in the mercantile business in the town of Brady, where both the defendant and Mrs. Mary McSween, lived; that he had heard this case discussed, and had heard what purported to be the facts and circumstances in the case; that he had formed an opinion as to the guilt or innocence of the defendant; that if selected as a juror he would go into the jury

box with said opinion in his mind, and it would require evidence to remove same. Thereupon, the defendant challenged said juror for cause and after hearing said challenge the court propounded to said juror the following question: "Do you feel that notwithstanding the opinion you now have, you could go into the jury box and give both the State and the defendant a fair and impartial trial, according to the law and the evidence, without being influenced by the opinion which you now have?" To this question the juror answered, "Yes." The court overruled said challenge and thereupon, the counsel for appellant asked the juror this question: "Do you now say, Mr. Mann, that you from what you have heard entertain an opinion as to the guilt or innocence of the defendant which you would, if selected as a juror, carry with you into the jury box and which it would require evidence to remove?" to which the juror answered, "Yes, that is true." "Then when you stated just now to the court that you could render a fair and impartial verdict in this cause without being influenced by the opinion that you now have, did you not mean that while you now entertain an opinion as to the guilt or innocence of the defendant which you would carry with you into the jury box, and which it would require evidence to remove, that opinion could be changed should sufficient evidence be introduced, and was not this all that you meant by said statement?" The juror answered, "Yes." The court overrules the challenge and the defendant peremptorily challenged the juror and immediately after in open court stated to the court that he had exhausted the number of peremptory challenges allowed by law, and that there yet remained on said list the name of a juror, to wit; Parker, who was distasteful to defendant and whom he wished to challenge peremptorily, and again requested the court to sustain his challenge to the juror Mann in order that he might challenge said juror Parker peremptorily, which request was denied by the court. The bill is approved with this explanation: "The court is not certain about the foregoing being the exact order in which questions were asked, but think them substantially correct, except that juror did not [?] say that in going into the jury box he could and would presume the defendant was innocent till proved guilty by legal evidence and in spite of his opinion, it would not influence him in arriving at an impartial verdict on the trial of the cause; that he had never talked with any of the witnesses, or any one who purported to know the facts, but as far as he knew, what he heard was general rumor. Defendant did, after cutting his list of jurors, come to the court and call the court's attention to the fact that he had exhausted his challenges and cut off said O. D. Mann and demanded that he have another challenge which demand was refused, but nothing was said about said Parker or any other particular juror being distasteful or indicate who he wanted to cut." From the explanation of the court, we do not think there was any error.

Bill No. 2 complains that the court permitted the prosecuting witness to testify that he had seen defendant's horse hitched at the home of the

woman he was charged with having illicit intercourse with. There is no error in this ruling.

Bill No. 3 complains of similar testimony and the court qualifies the bill by saying that all the acts inquired about were prior to the finding of the indictment. The sheer fact that it was subsequent to the date alleged in the indictment that the illicit intercourse occurred, would not render the testimony inadmissible.

Bill No. 8 complains of the argument of the county attorney but in the light of the explanation of the court there is no error.

Bill of exceptions No. 10 complains of the following charge of the court: "Now therefore, if you blieve from the evidence beyond a reasonable doubt that the defendant, John Russell, was on or about September 20, 1907, a married man whose wife's name was Tillie Russell, which married relation is admitted by defendant and did then and there and in said McCulloch County, Texas, have habitual carnal intercourse with the said Mary McSween, then you will find the defendant guilty, and assess his punishment at not less than $100 nor more than $1,000." Appellant objected to said charge on the ground that same was on the weight of the evidence, as going beyond the agreement of counsel for the defendant, and as assuming things not agreed to by defendant or proven by the State, and as directing said jury to find said defendant guilty without believing and finding from the evidence and admissions of the defendant all the essential facts and circumstances necessary to a conviction. We do not think any of the criticisms are correct. The appellant admitted he was married to Tillie Russell and this was an uncontroverted fact in the record. On a criminal trial, where the facts are admitted to be true, or are placed beyond any doubt without contest, the court in his charge may so assume without infringing the rule inhibiting a charge upon the weight of evidence. Defendant admits his marriage. See Nelson v. State, 35 Texas Crim. Rep., 205; Holliday v. State, 35 Texas Crim. Rep., 133; Pearce v. State, 35 Texas Crim. Rep., 150; Elizando v. State, 31 Texas Crim. Rep., 237. For collation of other authorities see White's Code Crim. Proc., p. 525.

Appellant also complains of the misconduct of the jury, but the evidence upon the trial of the issue before the court, refutes any thought of any misconduct of the jury.

Finding no error in the record the judgment is affirmed.

*Affirmed.*