### Toss McKnight v. The State.

No. 150.   Decided December 1, 1909.

Rehearing denied January 12, 1910.

**1.—Theft—Affidavit—Information.**

Where, upon trial for theft, the affidavit and information were in the approved form, there was no error.

**2.—Same—Jury and Jury Law—Jury Commissioners.**

Where, upon trial for theft, it appeared that there was no willful violation of the terms of the statute in failing to have jury commissioners appointed to select jurors, there was no error in the court's action in ordering the sheriff to summons jurors.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. C. D. Mims.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

*Ingraham, Middlebrook & Hodges,* for appellant.—Cited: Bickham v. State, 51 Texas Crim. Rep., 150, 19 Texas Ct. Rep., 77; White v. State, 45 Texas Crim. Rep., 597.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of misdemeanor theft, and his punishment assessed at a fine of $50 and six months imprisonment in the county jail.

1. The first ground of the motion for a new trial insists that the affidavit and information charge no offense against the laws of the State of Texas. The information is in the usual stereotyped form.

2. The third ground of the motion for new trial complains the court erred in failing and refusing to sustain appellant's motion to

quash panel of the jury because the same was not drawn by a jury commission as by law required, and because said panel was summoned by the sheriff the first day of court, and because the defendant was compelled and forced to try case before a jury not drawn as by law required. The bill of exception presenting this matter shows that appellant moved to quash the panel of the jury summoned by the sheriff under direction of the judge of said court, with which appellant was tried, on the ground, as stated, that the jury commissioners had not selected the jury. The bill of exceptions does not show that it was not a matter of clear inadvertence or oversight that brought about the failure to draw a jury. The statute says if for any· cause the jury is not selected the sheriff may summon the jury. This question has been directly passed on by this court, and held that where there was not a wilful violation of the terms of the statute in failing to have jury commissioners appointed to select jurors, that this would excuse the drawing of the jury by commissioners. We accordingly hold there was no error in forcing appellant to be tried before the jury complained of in this case.

We have carefully reviewed all of appellant's assignments of error, and finding nothing in the record authorizing a reversal of the case, the evidence being sufficient, the judgment is affirmed.

*Affirmed.*