Tom Thurston v. The State.

No. 379.   Decided February 2, 1910.

Rehearing denied February 16, 1910.

**1.—Injuring and Defacing Public Building—Indictment—School House.**

Under article 500, Penal Code, the term "public building" includes a school house; and where the indictment alleged that the defendant unlawfully and wilfully did injure and deface then and there a public building then and there held for public use, to wit, the Whitton School House, by then and there breaking and knocking the windows out of said building, the same was sufficient.

**2.—Same—Charge of Court—Injuring—Defacing.**

Upon trial for unlawfully and wilfully injuring and defacing a public building, where the evidence supported said charge in the indictment, there was no error in the court's charge on the ground that the injury done was not brought within the meaning of the word "deface," the indictment charging both to injure and deface; besides no exception was taken or special charge requested.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial for injuring and defacing a public building, the evidence placed the defendant near the building where pistols were fired off at night, and tended to exclude the idea that other persons near him could have been guilty, and is aided by the practical admission of guilt, the conviction will not be disturbed.

Appeal from the County Court of Van Zandt. Tried below before the Hon. John S. Spinks.

Appeal from a conviction of unlawfully and wilfully injuring and defacing a public building; penalty, a fine of $5.

The opinion states the case.

*Davidson & Davidson,* for appellant.—On question of insufficiency of the evidence: Jones v. State, 7 Texas Crim. App., 457; Barnes v. State, 41 Texas, 342; Perkins v. State, 32 Texas, 109; Elizabeth v.

State, 27 Texas, 329; Rodriguez v. State, 5 Texas Crim. App., 256; Pullen v. State, 28 Texas Crim. App., 114; Murphy v. State, 36 Texas Crim. Rep., 24; Johnson v. State, 36 Texas Crim. Rep., 394.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was convicted in the County Court of Van Zandt County on September 10, 1909, on an indictment which charged, in substance, that he did in the county of Van Zandt, and State of Texas, unlawfully and wilfully injure and deface a public building then and there held for public use, to wit: the Whitton school-house, by then and there breaking and knocking the windows out of said building.

1. The indictment conforms to the approved precedents in respect to such offense, and such building is a public building within the meaning of article 500 of our Penal Code, which is as follows: "The term 'public building,' as used in the preceding article, means the capitol and all other buildings in the capitol grounds at the seat of government, including the general land office and the executive mansion, the various State asylums, and all buildings belonging to either, all college or university buildings erected by the State, all court-houses and jails and all other buildings held for public use by any department or branch of government, State, county or municipal; and the specific enumeration of the above shall not exclude other buildings not named properly coming within the meaning and description of a public building." The farthest to which our decisions have gone is that where the building is one not specifically named in article 500, the indictment must allege that such "building" was "held for public use." Brown v. State, 16 Texas Crim. App., 245; Pratt v. State, 19 Texas Crim. App., 276; Clark v. State, 23 Texas Crim. App., 260.

2. There is some criticism of the court's charge on the ground that the injury done the building was not brought within the meaning of the word "deface." If this much be conceded, it yet remains that the indictment charges that appellant did both injure and deface the building in question, and in the light of the evidence the injury which consisted of breaking out window panes and shooting into the building, would clearly bring the offense within this definition. The charge of the court is not aptly expressed, or perhaps accurate in all respects, but there was no exception taken to same at the time, and no special charges requested seeking to correct the errors theretofore excepted to. So, we would not be authorized to reverse the case on account of any errors in the charge. These errors, it may be stated, are not of a material character, or such as probably in fact injured appellant.

3. It is strenuously insisted that the evidence is insufficient to sustain the verdict. To this we can not accede. The testimony of several persons placed appellant near the building where pistols were fired off at night, and tended to exclude the idea that other persons

near him could have been guilty, and is aided by practically direct admission of his guilt evidenced by a conversation in which, being accused of the offense, he did not deny it, but said that he was sorry that it had occurred so close to home, "but would have been glad if we had done more." It is true this testimony was given by witnesses who were interested to some extent in screening other persons who might have been suspected or charged with the crime, but these matters of interest affecting the credibility of the witnesses were peculiarly cognizable by the jury, and as presented, there being evidence which, if believed, would show his guilt, we ought not to interfere.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied February 16, 1910.—Reporter.]