## Frank Kosmoroski v. The State.

### No. 529. Decided April 13, 1910.

### Rehearing denied May 11, 1910.

**1.—Aggravated Assault—Continuance—Bill of Exceptions.**

Where, upon appeal from a conviction of aggravated assault there was no bill of exceptions in the record to the action of the court in overruling defendant's application for continuance, the same could not be considered.

**2.—Same—Charge of Court—Practice on Appeal—Misdemeanor.**

Where, upon appeal from a conviction of aggravated assault, it appeared from the record that there was no written charge requested on the court's charge complained of, the matter could not be considered. Following Thurston v. State, 58 Texas Crim. Rep., 308; 125 S. W. Rep., 21, and other cases.

**3.—Same—Charge of Court—Practice on Appeal.**

Where the charge complained of was more favorable to the defendant than he could ask, it was not a cause for reversal that the court submitted an abstract proposition of law not applicable; besides it was not shown how the court's charge prejudiced the defendant's rights.

**4.—Same—Jury and Jury Law—Talesmen.**

Where, upon appeal from a conviction of aggravated assault, it did not appear from the record that there was an intentional violation by the trial judge of the provisions of the Code with reference to the selection and impaneling of the jury, there was no error in the court's action in ordering the sheriff to summon jurors when there was no jury present to try the case.

**5.—Same—Charge of Court—Deadly Weapon—Weight of Evidence.**

Where, upon trial of aggravated assault, there was no issue but that the assault was made with a gun as a firearm and that in the manner of its use it was a deadly weapon, there was no error in the court's charge in assuming this fact; no special charge having been requested.

Appeal from the County Court of Falls. Tried below before the Honorable W. E. Hunnicutt.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Spivey, Bartlett & Carter,* for appellant.—Cited cases in opinion.

On question of selecting jury: Bickham v. State, 51 Texas Crim. Rep., 150; 101 S. W. Rep., 210.

On question of deadly weapon: Menach v. State, 97 S. W. Rep., 503.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited cases in opinion.

McCORD, JUDGE.—Appellant was convicted of aggravated assault and his punishment assessed at a fine of $25.

In the absence of a bill of exceptions in the record appellant's application for continuance can not be considered.

In the motion for new trial appellant complains that the court erred in his charge to the jury, the ground of the objection being that the charge is an abstract statement of the law and does not apply the law to the evidence. Complaint is not made that as far as it went the charge was incorrect. This court has held in a number of cases that before a defendant charged with a misdemeanor can complain, on appeal, of the giving or failure to give instructions, he must have presented a written request for special charges in the trial court. The record does not disclose that appellant asked any special charges and, therefore, we would not be authorized to reverse the case for any omission in the charge of the court. See Thurston v. State, 58 Texas Crim. Rep., 308; 125 S. W. Rep., 31; Abbott v. State, 57 S. W. Rep., 97; Williams v. State, 53 Texas Crim. Rep., 396; 110 S. W. Rep., 63; Tracey v. State, 42 Texas Crim. Rep., 494; 61 S. W. Rep., 127, and Gruesendorf v. State, 56 S. W. Rep., 624.

Bill of exceptions No. 2 complains that the court should not have submitted to the jury a charge to the effect that if one, who is at the time of attempting to commit a battery under such restraint as to deprive him of the power to act, or who is at so great a distance from the person assaulted as that he can not reach his person by use of the means with which he makes the attempt, is not guilty of an assault; the objection being that there is no testimony in the record calling for such a charge, and that it was submitting an issue in the case not raised by any of the testimony. If anything this charge might be considered more favorable to the defendant than the defendant could ask, and simply because the court submits an abstract proposition not applicable, would not authorize this court to reverse unless there is something in the record that would suggest that it was liable to injure the appellant. The appellant does not suggest how or in what manner this charge was prejudicial to his cause, and in the absence of such showing this court will not reverse for such errors.

Appellant complains in his bill of exceptions No. 3 that the court erred in forcing him to go to trial before a jury summoned by the sheriff and not selected in the manner required by law. The bill of exceptions discloses that the case was set for trial on Monday, September 6, 1909, and that at that time there was a jury which had been regularly drawn by the jury commissioners in attendance upon the court for the trial of cases during that week; that at the suggestion of appellant this case was postponed until Friday of said week. When the case was called for trial on Friday, defendant had been informed by the court that the regular jury had been discharged on Wednesday

and no jury was then in attendance upon the court. The defendant thereupon moved the court to postpone the trial of the case to one of the following weeks of said term of court, or to continue the cause until the next term of court that he might have the benefit of a trial before a jury regularly drawn. This motion was denied and the sheriff ordered to summon a jury to try the cause. The court appends the following qualification to this bill: That all of the criminal cases on the docket were set for trial on Monday, Tuesday and Wednesday of the week beginning on Monday, September 6th; that this case was set for trial on Monday, and that at that time there was a regular jury for the week selected as required by law. The appellant requested that the setting of this case be postponed till Friday, September 10th; that this was the only week for the trial of criminal cases; that the appellant had had his case continued and reset some five or six times to enable him to get a witness by the name of Fate Marlin, and at the instance of defendant the case was reset for Friday for the same purpose. The court further stated that overlooking the changed setting of this case and without the case in mind he, inadvertently, discharged the jury for the week and that the said jury was discharged without thought of this case and without any intent of injuring the defendant. Article 695 of the Code of Criminal Procedure provides as follows: "When, from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient, and from those summoned a jury shall be formed as provided in the preceding articles of this chapter." It has been held by this court in a number of cases that where there is an intentional violation of the provisions of the Code with reference to the selection and organization of the jury that it will be grounds for reversal, and the court below would have no authority to organize a jury under the provisions of article 695. But it has been held in a number of cases that where a jury, through inadvertence, has not been selected as required by law, or through some oversight there is not a jury as required by law, then the court may order talesmen. See Martin v. State, 57 Texas Crim. Rep., 595; 124 S. W. Rep., 681; McKnight v. State, 57 Texas Crim. Rep., 594; 124 S. W. Rep., 423; Green v. State, 54 Texas Crim. Rep., 3; 110 S. W. Rep., 920, and Schuh v. State, 58 Texas Crim. Rep., 165; 124 S. W. Rep., 908. Therefore, we hold that the bill of exceptions not disclosing that there was an intentional violation of the provisions of the Code with reference to the selection and empaneling of the jury, the appellant can not be heard to complain, and that this case falls under the provisions of article 695, *supra,* which authorizes the court to order the sheriff to summon jurors when from any cause there is no jury present.

Appellant's bill of exceptions No. 4 complains that the court erred

in charging the jury that an assault becomes aggravated when committed with a gun, the same being a deadly weapon. Complaint is made that this was upon the weight of the evidence and invaded the province of the jury. The facts in the case show that appellant fired upon the prosecuting witness with a double-barreled shotgun and shot him in the leg. Where a gun is used as a firearm it is not necessary for the court to define the gun as being a deadly weapon. See Gallaher v. State, 28 Texas Crim. App., 247. There was no issue in the trial of the case but that the assault was made with a gun and that in the manner of its use it was a deadly weapon. This court in the case of Russell v. State, 53 Texas Crim. Rep., 500; 111 S. W. Rep., 658, held that on a criminal trial, where the facts are admitted to be true, or are placed beyond any doubt without contest, the court in his charge may so assume without infringing the rule inhibiting a charge upon the weight of the testimony. See also Nelson v. State, 35 Texas Crim. Rep., 205; 32 S. W. Rep., 900, and Wright v. State, 93 S. W. Rep., 548. If appellant had desired further instructions in regard to whether the gun was a deadly weapon or not, he should have requested it. We do not think the charge as given was prejudicial, there being no contest that the gun was used as a firearm.

Finding no error in the record the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied May 11, 1910.—Reporter.]