FRED SCHULTZ v. THE STATE.

No. 3908.   Decided January 12, 1916.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Aggravated Assault—Charge of Court—Intent to Kill.**

Where, upon trial of assault with intent to murder, the evidence showed a specific intent to kill, and did not raise the issue of manslaughter, there was no error in the court's failure to submit the issue of aggravated assault.   Following Cole v. State, 35 Texas Crim. Rep., 384.

**3.—Same—Deadly Weapon—Charge of Court.**

Upon trial of assault with intent to murder, there was no error in the court's charge in instructing the jury that a gun used as a firearm within carrying distance is a deadly weapon.   Following July v. State, 45 Texas Crim. Rep., 391, and other cases.

Appeal from the District Court of Goliad.   Tried below before the Hon. John M. Green.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*G. E. Pope* and *Fowler & Fowler,* for appellant.—On question of adequate cause:   Gillespie v. State, 53 Texas Crim. Rep., 167, 109 S. W. Rep., 158; Crews v. State, 34 Texas Crim. Rep., 533; Jones v. State, 26 S. W. Rep., 1082; Tickle v. State, 6 Texas Crim. App., 623.

Upon question of specific intent:   Darity v. State, 43 S. W. Rep., 982.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at five years confinement in the penitentiary.

The evidence would show that appellant, Frank Zaiontz, D. C. O'Neil, Oliver Magrew, Arthur Hardt, Hugo Speiss, and appellant's brother, Albert Schultz, all met at the saloon of Henry Dobsky, at Dobskyville, in Goliad County.   Hugo Speiss called Frank Zaiontz a "rabbit." Words followed, when appellant offered to loan Speiss a knife, saying he had two knives.   Words then ensued between appellant and Zaiontz, and appellant started towards Zaiontz, and Zaiontz knocked him down. They were separated, the saloon-keeper telling them they could not fight in the saloon.   Appellant went out in front of the saloon and

dared Zaiontz to come out there. Zaiontz did not go, when appellant left, and in leaving said to Zaiontz he had better go on home as he, appellant, was going home and get his gun and shoot him, or kill him. About an hour after this O'Neil, Magrew, Albert Schultz and the prosecuting witness, Zaiontz, started home. O'Neil and Magrew being in a buggy, while Albert Schultz and Zaiontz were horseback. While on their way home they came across appellant, who stepped from behind a tree and said to Zaiontz, "Frank, did I not tell you I was going to shoot you?" Zaiontz got off his horse and endeavored to keep his horse between him and appellant, appellant endeavoring to get in position to shoot. He finally shot over the horse, and shot off the right hand of Zaiontz, some shot striking him in the face and putting out one of his eyes.

Appellant, on cross-examination of the State's witnesses, endeavored to prove that Zaiontz undertook to use an ax handle, but all the witnesses say that the ax handle was tied to Zaiontz's saddle, and he made no effort to use it.

Appellant introduced no evidence, except to show a good reputation, and that he had not theretofore been convicted of a felony, in an effort to secure a suspension of the sentence.

No exceptions were reserved to the introduction of testimony, but appellant excepted to the court's charge because he failed to submit aggravated assault, and because the court refused to give appellant's special charge presenting that issue.

Appellant having brought on the difficulty between himself and Zaiontz, some saying with a stick drawn, at the time Zaiontz knocked him down, it would be very doubtful if aggravated assault would have been raised if he at that time shot Zaiontz. A man can not himself raise a difficulty and then have the offense reduced to manslaughter because of the state of his mind, unless he is driven to the extremity of killing to save his own life. Certainly all Zaiontz did in this instance was to resist the attack of appellant with his fists, and at no time sought to use any weapon upon appellant. Appellant tried to get him to come out of the saloon and renew the difficulty. Zaiontz declines, and appellant leaves, telling him he is going to get his gun and shoot him. He waylays Zaiontz, and while Zaiontz is on his way home with others shoots him at a time when all Zaiontz is doing is dodging behind his horse. The facts do not raise the issue that if Zaiontz had been killed appellant might not have been guilty of any higher grade of offense than manslaughter, and the court did not err in refusing to submit the issue of aggravated assault. (Cole v. State, 35 Texas Crim. Rep., 384.) There is no evidence raising the issue that appellant did not intend to kill, but the evidence and circumstances attendant upon the shooting show a specific intent to kill.

Neither was there error in the court instructing the jury: "A gun used as a firearm within carrying distance is a deadly weapon" under the facts in this case. Mr. Branch in his work on Criminal Law correctly states the rule to be: "Not error to define a deadly weapon as

a gun used within earrying distance, if proof shows that defendant shot the injured party at close range." July v. State, 45 Texas Crim. Rep., 391; Kosmoroski v. State, 59 Texas Crim. Rep., 296, 127 S. W. Rep., 1056.

The judgment is affirmed.

*Affirmed.*