The judgment is reversed, and the cause remanded.

---

### SCHULTZ v. STATE. (No. 3908.)

(Court of Criminal Appeals of Texas. Jan. 12, 1916.)

1. HOMICIDE ☞310—INSTRUCTIONS—AGGRAVATED ASSAULT—EVIDENCE.

Where the evidence showed that A. resisted the attack of defendant with his fists, but at no time sought to use any weapon upon defendant, that defendant then tried to get A. to come out of a saloon and renew the difficulty, that A. declined, that defendant left saying that he was going to get his gun and shoot him, that he waylaid A. on his way home with others, reminded him that he was going to shoot him, and shot away his hand and put out his eye while he was dodging behind his horse, there was no error in refusing to submit the issue of aggravated assault.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 657–661; Dec. Dig. ☞310.]

2. HOMICIDE ☞230—ASSAULT TO MURDER—INTENT—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that defendant, when he shot and injured another, had a specific intent to kill.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 478; Dec. Dig. ☞230.]

3. HOMICIDE ☞90 — NATURE OF INSTRUMENT USED—"DEADLY WEAPON."

A gun used as a firearm within carrying distance and at such range that it shot off a hand of the prosecuting witness and put out one of his eyes, was a "deadly weapon."

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 119; Dec. Dig. ☞90.]

Appeal from District Court, Goliad County; John M. Green, Judge.

Fred Schultz was convicted of assault to murder, and he appeals. Affirmed.

G. E. Pope and Fowler & Fowler, all of Goliad, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and his punishment assessed at five years' confinement in the penitentiary.

The evidence would show that appellant,

Frank Zaiontz, D. C. O'Neil, Oliver Magrew, Arthur Hardt, Hugo Speiss, and appellant's brother, Albert Schultz, all met at the saloon of Henry Dobsky, at Dobskyville, in Goliad county. Hugo Speiss called Frank Zaiontz a "rabbit." Words followed, when appellant offered to loan Speiss a knife, saying he had two knives. Words then ensued between appellant and Zaiontz, and appellant started towards Zaiontz, and Zaiontz knocked him down. They were separated, the saloon keeper telling them they could not fight in the saloon. Appellant went out in front of the saloon and dared Zaiontz to come out there. Zaiontz did not go, when appellant left, and in leaving said to Zaiontz he had better go on home as he, appellant, was going home and get his gun and shoot him, or kill him. About an hour after this O'Neil, Magrew, Albert Schultz, and the prosecuting witness, Zaiontz, started home; O'Neil and Magrew being in a buggy, while Albert Schultz and Zaiontz were horseback. While on their way home they came across appellant, who stepped from behind a tree and said to Zaiontz, "Frank, did I not tell you I was going to shoot you?" Zaiontz got off his horse and endeavored to keep his horse between him and appellant; appellant endeavoring to get in position to shoot. He finally shot over the horse, and shot off the right hand of Zaiontz; some shot striking him in the face and putting out one of his eyes.

Appellant, on cross-examination of the state's witnesses, endeavored to prove that Zaiontz undertook to use an axe handle, but all the witnesses say that the axe handle was tied to Zaiontz's saddle, and he made no effort to use it.

Appellant introduced no evidence, except to show a good reputation, and that he had not theretofore been convicted of a felony, in an effort to secure a suspension of the sentence.

[1] No exceptions were reserved to the introduction of testimony, but appellant excepted to the court's charge because he failed to submit aggravated assault, and because the court refused to give appellant's special charge presenting that issue.

Appellant having brought on the difficulty between himself and Zaiontz, some saying with a stick drawn, at the time Zaiontz knocked him down, it would be very doubtful if aggravated assault would have been raised if he at that time shot Zaiontz. A man cannot himself raise a difficulty and then have the offense reduced to manslaughter because of the state of his mind, unless he is driven to the extremity of killing to save his own life. Certainly all Zaiontz did in this instance was to resist the attack of appellant with his fists, and at no time sought to use any weapon upon appellant. Appellant tried to get him to come out of the saloon and renew the difficulty. Zaiontz declines, and appellant leaves, telling him he is going to

get his gun and shoot him. He waylays Zaiontz, and while Zaiontz is on his way home with others shoots him at a time when all Zaiontz is doing is dodging behind his horse.

[2] The facts do not raise the issue that if Zaiontz had been killed appellant might not have been guilty of any higher grade of offense than manslaughter, and the court did not err in refusing to submit the issue of aggravated assault. Cole v. State, 35 Tex. Cr. R. 385, 33 S. W. 968. There is no evidence raising the issue that appellant did not intend to kill, but the evidence and circumstances attendant upon the shooting show a specific intent to kill.

[3] Neither was there error in the court instructing the jury, "A gun used as a firearm within carrying distance is a deadly weapon," under the facts in this case. Mr. Branch, in his work on Criminal Law, correctly states the rule to be:

"Not error to define a deadly weapon as a gun used within carrying distance, if proof shows that defendant shot the injured party at close range." Juley v. State, 45 Tex. Cr. R. 391, 76 S. W. 468; Kosmoroski v. State, 59 Tex. Cr. R. 296, 127 S. W. 1056.

The judgment is affirmed.

---

**SOLAN v. STATE. (No. 3887.)**

(Court of Criminal Appeals of Texas. Jan. 12, 1916.)

1. WITNESSES ⟨⟩48—COMPETENCY—CONVICTION OF MISDEMEANOR.

A conviction for a misdemeanor did not render the convict incompetent as a witness for the state in a criminal case.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 109–115; Dec. Dig. ⟨⟩48.]

2. WITNESSES ⟨⟩49—COMPETENCY—CONVICTION OF FELONY—PARDON.

The granting of a pardon eight years after a witness for the state had served his full term on conviction for a felony, on the state's request and to relieve him of disabilities so that he might testify for the state, was a matter for the Governor, over which the Court of Criminal Appeals had no control, so that it could not hold, on defendant's objection, that such witness was incompetent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 116–118; Dec. Dig. ⟨⟩49.]

3. CRIMINAL LAW ⟨⟩1120—APPEAL—EXCLUSION OF EVIDENCE — SETTING OUT TESTIMONY.

In a prosecution for robbery, where a bill of exceptions showed that a witness was an officer, that he had arrested the prosecuting witness and another on a charge of intoxication on the night before the alleged robbery, that the prosecuting witness had spent the night in the city jail, that, after such witness had testified that they had been searched before being locked up, and about $5 and a quantity of liquor found on prosecuting witness, that they always searched prisoners, defendant attempted to prove by such witness that if the prosecuting witness had some $55 on him when arrested it would have been found, that objection thereto was sustained, but did not show the object of such testimony, nor the evidence that the witness would