## BOOTS DOUGLAS V. THE STATE.

### No. 18827.   Delivered February 24, 1937.

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is fornication; the punishment a fine of $100.00.

Appellant's main contention is that the complaint and information upon which the conviction in this case is based is insufficient to charge an offense under the law. Looking to the information, which is in the exact language of the complaint, we find it contains four counts. However, we deem it necessary to determine only the sufficiency of the count upon which the conviction is based because the testimony fails to sustain the

allegations contained in any of the other counts. Omitting the formal parts thereof, it reads as follows: "that Boots Douglas, an unmarried man, in the County of Bexar, and State of Texas, on or about the 30th of May, 1935, and before the making and filing of this information, did then and there unlawfully have habitual carnal intercourse with Lupe Mata, an unmarried woman, contrary to the forms of the statute, in such cases made and provided," etc.

Article 503, P. C., 1925, defines fornication as follows:

" 'Fornication' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, both being unmarried."

It will be observed that under the statute this offense may be committed in either of two ways, that is, by living together and having carnal intercourse with each other or by habitual intercourse without living together of a man and woman, both being unmarried. In order to charge the offense as above defined, it is necessary that the essential elements of the offense be charged in the information. In the instant case there is no allegation that appellant had habitual intercourse with Lupe Mata without living together. Hence the information is insufficient to charge the offense under the authority of Jones v. State, 29 Texas Crim. Rep., 347, 16 S. W., 189; Cannedy v. State, 125 S. W., 31.

The count in the information upon which appellant was convicted being insufficient to charge an offense, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.