## HENRY BLACKWELL V. THE STATE.

### No. 280.   Decided April 28.

### Motion for Rehearing decided June 23.

1. **Bills of Exception—Practice on Appeal.**—Bills of exception filed more than ten days after the termination of the trial can not be considered.

2. **Evidence—Exceptions to, Incorporated in Statement of Facts—Practice.**—Exceptions to the admission in evidence may be incorporated in the statement of facts, but not those reserved to the exclusion of evidence.   The refusal of the court to incorporate proper exceptions in the statement of facts would, however, be no ground for reversal, because the party could have preserved his exceptions by separate bills.

3. **Assault with Intent to Murder—Aggravated Assault—Deadly Weapon.**—On a trial for assault with intent to murder, it is proper for the court to submit the issue of aggravated assault where the weapon used was a deadly weapon, and the circumstances were insufficient to establish assault with intent to murder.   And where it appears that a deadly weapon is used for the purpose of alarming another, it is proper that the court should instruct the jury with regard to the law applicable to that phase of the testimony.

#### ON MOTION FOR REHEARING.

4. **Same—Exceptions to Charge as to Higher Grade of Offense than that for which Appellant was Convicted—Harmless Error.**—On a trial for assault with intent to murder, where appellant was convicted of aggravated assault, *Held*, that errors in the charge, if conceded, as to assault with intent to murder, would be harmless; first, because defendant was acquitted of that offense; second, because such erroneous instructions were not in the least calculated to induce the jury to convict of aggravated assault.

5. **Charge—Deadly Weapon Used in Threatening Manner—Aggravated Assault.**—On a trial for assault with intent to murder, where it was evident that the deadly weapon was used in an angry and threatening manner and with intent to alarm, *Held*, that the court properly charged the law of aggravated assault.

6. **Exceptions to Evidence Incorporated in Statement of Facts.—Bill of Exceptions.**—A party has a right to have his exceptions to evidence, admitted over his objections, incorporated in the statement of facts; but a bill of exceptions to the refusal of the court to permit this, to be sufficient, must show what the evidence was which was objected to, and what the objections were.

APPEAL from the District Court of De Witt.   Tried below before Hon. S. F. GRIMES.

This appeal is from a conviction for aggravated assault, the punishment assessed being a fine of $175 and one month's imprisonment in the county jail.   The parties to the difficulty were negroes.

The attendant circumstances of the assault are fully shown by the following testimony of the State's witness, Mr. Newkum.  He says:

"I know defendant.   Neal and Blackwell rode up cursing and quarrelling, and I said, 'Tut, tut, boys; no use for that.'   Blackwell cursed Neal, who was leaning away from defendant, and said, 'I have half a mind to kill you.'   When he rode up his gun was resting with the butt on his leg, muzzle pointing up, and as he said this he partially

lowered his gun-hand on the trigger. Mr. Batchelor was in the wagon with me. As defendant lowered his gun he laid the reins of his bridle over his left arm, caught the gun with his hand, and had one hand on the hammer and trigger, and then placed the other out as though he intended to shoot, and I then said, 'None of that, boys.' The defendant was then lowering his gun at Neal. This was after they got to the wagon. Blackwell cursed Neal and said, 'If you ever trouble me again I will kill you,' and rode off."

Cross-examination: "Callaway Neal was armed. He appeared to have a Winchester rifle. Neal and Blackwell rode up to the wagon where Mr. Batchelor and I were. Neal sheered around and away from Blackwell, who rode up holding his gun with butt on his knee and muzzle up, and was cursing. He cursed Neal and said, 'I have half a mind to kill you,' or, 'I will kill you.' When he said this he shifted his gun, lowering the same, hand on trigger; but he did not point his gun at Callaway Neal. At no time did he have his gun to his shoulder. I do not think I could have stopped Blackwell from shooting Neal if he had wanted to shoot, because I would have had to get out of the wagon to do it. If Blackwell's gun had been fired in the position in which it was held it would not have hit Neal. I was beginning to get uneasy, and spoke. Blackwell then cursed Neal and said, 'If you ever trouble me again I will kill you,' and rode off. When I first saw the two men (defendant and Neal) on that day they were off the road, near to us, Neal seeming to be trying to get away from defendant, and defendant following him."

Defendant's bill of exception, saved to the refusal of the court to permit him to incorporate his exceptions to evidence, is as follows: "Be it remembered, that after the trial of the above entitled and numbered cause the defendant offered a statement of facts, incorporating therein the objections of defendant to certain testimony introduced by the State over defendant's objections, and excepted to on trial of above numbered and entitled cause. But the court refused to permit said statement of facts to become a part of the record until the said objections were stricken out, denying defendant's right to have his objections to the admission of testimony noted in the statement of facts. And the action of the court in denying defendant this right was then and there excepted to; and defendant tenders this bill of exceptions, and asks that the same be signed and filed as a part of the record in this case, this 10th day of June, A. D. 1893."

*H. J. Huck, Jr.*, for appellant, filed an able and interesting brief and argument in the case, as also an elaborate motion for rehearing.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Bills of exception one and two, having been filed more than ten days after the termination of the trial, can not be considered.    Rev. Stats., art. 1363; Railway v. Holliday, 65 Texas, 512.

The remaining bill was reserved to the refusal of the court to incorporate bills of exception in the statement of facts.    Exceptions to the admission of testimony may be so incorporated, but not those reserved to the exclusion of evidence.    Cooper v. The State, 7 Texas Crim. App., 194; Green v. The State, 12 Texas Crim. App., 51; McWhorter v. The State, 13 Texas Crim. App., 523; Branch v. The State, 15 Texas Crim. App., 96; Willson's Crim. Proc., sec. 2516.

While bills reserved to the admission of evidence may be so preserved, the refusal of the court to do so would not be cause for reversal. The defendant may prepare his bills otherwise, and if refused by the court they can be proved up by the bystanders under the statute.  The defendant is not left without remedy in regard to bills of exceptions. Rev. Stats., arts. 1358–1367.    Every bill of exceptions reserved by appellant was approved by the court, made part of the record, and all filed the same day with the statement of facts, except bill number 3, reserved to the court's failure to incorporate exceptions in the statement of facts.

We deem it unnecessary to discuss the appellant's criticism of the charge of the court in relation to assault with intent to murder, inasmuch as appellant was acquitted of that degree of the offense charged.

The court did not err in submitting the issue of aggravated assault, nor did the jury err in convicting appellant.    The assault was made by the use of a deadly weapon.    While the circumstances were not sufficient to justify a conviction of the assault to murder, they amply support the verdict finding appellant guilty of the aggravated assault. Nor did the court err in instructing the jury in regard to the use of a dangerous weapon in an angry and threatening manner with intent to alarm another, under circumstances calculated to effect that object. Penal Code, art. 489, subdiv. 3; McCullough v. The State, 24 Texas Crim. App., 128.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—Appellant was convicted of aggravated assault under an indictment charging assault to murder.    We will consider the case upon the hypothesis that all of the bills of exception were properly filed in the court below, and that they are in this record in such shape as require their consideration.

The exceptions to the charge of the court relating to the law applicable to an assault with intent to murder were perfectly harmless. Why? Because appellant was not convicted of assault with intent to murder. Second, because these instructions were not calculated in the least to induce the jury to convict appellant of aggravated assault. We are assuming that the instructions complained of were erroneous, which we do not concede is the case by any means.

It is complained that the court erred in charging on aggravated assault, because there was no evidence whatever suggesting this offense. If appellant did not assault the prosecutor with intent to kill and murder him, he evidently used a deadly weapon in an angry and threatening manner with intent to alarm him, and under the circumstances calculated to have that effect, and which had that effect.

Appellant offered a statement of facts incorporating his objections to certain testimony introduced by the State. The court, however, refused to approve the statement unless said objections were stricken out. To this appellant objected, reserving his bill. Appellant had the right to reserve his objections to evidence in this manner. But we are not informed what evidence was objected to, or what his objections were. The evidence may have been competent.

The motion for rehearing is overruled.

*Motion overruled.*

Judges all present and concurring.