## SID GREEN v. THE STATE.

### No. 703. Decided October 12, 1910.

### Rehearing Denied December 21, 1910.

**1.—Perjury—Parol Testimony—Written Evidence—Bill of Exceptions—Record of Justice Court.**

Where, upon appeal from a conviction of perjury, the appellant complained that the court below permitted the justice of the peace to testify as to the contents of his records, but the bill of exceptions did not state what paper or papers, or what record or records, were admitted in evidence on the trial of the case; and did not negative the fact that the matters essential to show jurisdiction were not in fact admitted; or that the testimony was not properly limited to such matters as parol testimony might be admitted to establish, there was no reversible error.

**2.—Same—Charge of Court—Singling out Testimony.**

Upon trial of perjury there was no error in refusing a requested charge that if the jury believed the testimony of certain named witnesses, they should acquit or convict; besides there was no bill of exceptions.

**3.—Same—Bill of Exceptions—Practice on Appeal.**

Where upon appeal from a conviction of perjury, the point at issue was presented by bill of exceptions and not by objections contained in the statement of facts, the bill of exceptions must be judged by reference to its contents alone, and cannot be aided by the statement of facts. Distinguishing Monson v. State, 2 Texas Ct. Rep., 925.

Appeal from the District Court of Scurry. Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McGregor & Gaines,* for appellant.—Upon question of admitting parol testimony instead of written testimony of contents of the records of Justice's Court: Heflin v. State, 88 Ga., 151; Lawrence v. State, 2 Texas Crim. App., 479; Brown v. State, 40 Texas Crim. Rep., 48; Foster v. State, 32 Texas Crim. Rep., 39; Wilson v. State, 27 Texas Crim. App., 47; Maass v. Solingski, 67 Texas, 290; United States v. Walsh, 22 Fed. Rep., 644; 30 Cyc., p. 1449; 1 Greenleaf on Evidence (16th ed.), secs. 82-85 and 513; Jones on Evidence, sec. 199; Webb v. Alexander, 7 Wend., 281; Elliott on Evidence, sec. 3083; Garrett v. State, 37 Texas Crim. Rep., 198; Revised Civil Statutes, arts. 1579-1583.

On question of reserving bill of exceptions in statements of facts: Monson v. State, 2 Texas Ct. Rep., 925.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On April 6 of this year, in the District Court of Scurry County, appellant was convicted on a charge of perjury,

and his punishment assessed at two years confinement in the penitentiary.

The perjury charge grew out of the testimony of appellant in a Justice Court in Scurry County in a case in which one Stahl was plaintiff and appellant was defendant. In this case it seems from the record Stahl had sued appellant for $98.90, and we gather that in the case appellant had filed a counterclaim for drilling a well fifty-four feet deep. On the trial in the Justice Court appellant testified that he had drilled the well to this depth, whereas there was much testimony to the effect that the well had not been drilled more than about eight or nine feet.

The record contains three bills of exception, in only one of which is there any possible merit. The third bill recites that during the progress of the trial the witness Roberts was placed on the stand, and testified that he was justice of the peace of Precinct No. 2 of Scurry County, Texas, and was familiar with the records in his court, and that same were kept by him and in his possession, but that he did not have said dockets with him, and "thereupon the court permitted said witness to testify as to the contents of a *certain records* in a civil suit that had been pending in his court wherein Joe Stahl was plaintiff and Sid Green was defendant, to all of which testimony defendant then and there in open court excepted for the reason that the records were the best evidence of what *occurred* in said court." This bill is approved by the trial court with this explanation: "That A. W. Roberts testified upon the point raised that there was such a case as was inquired about upon his docket, and that it was tried by him without a jury, and that the defendant appeared as a witness in his own behalf in said cause, during the trial, and testified to matters alleged in the indictment, in substance, and that he rendered judgment in defendant's favor on his plea of counterclaim supported by the testimony of the defendant, Sid Green, to the effect that he had dug a well fifty-four feet deep for Joe Stahl, and this testimony was admitted to show the materiality of the defendant's testimony before the Justice Court, and to prove the allegations in the indictment and there was nothing that was inadmissible admitted."

On this bill appellant submits the proposition that inasmuch as it appeared that there was written evidence of the fact in issue, that the writing is always the best evidence, and that this is true whether the memorandum in writing was required by law or not. In support of this general proposition an able and elaborate argument is submitted. That the contention, as a general proposition, is true does not admit of doubt. After, however, a careful inspection of the record we do not believe that the point made is here available. We have quoted literally above the purport of the bill of exceptions. It will be noticed that it does not state *what* paper or papers, *what* record or records were admitted in evidence on the trial of this case, nor

does it negative the fact that the matters essential to show jurisdiction were not in fact admitted. If we look to the explanation of the trial court it would seem that the testimony of this witness was properly limited to such matters as parol testimony might be admitted to establish. Again, if we look to the statement of facts in the case it appears that the account sued on was admitted in evidence. It is a well settled proposition that to obtain a review of contested matters in this court, that the bill of exceptions must be so complete within itself as to show error. This requirement of the law has not been met in this case. Again, it is well settled that where a party to a suit accepts a bill of exceptions with the explanation of the court, that he is bound by the bill as so explained. Testing the bill by this rule, it seems clear that it does not show within itself that any error was committed.

2. The matters contained in the other bills of exception are not of sufficient moment or gravity to require discussion. There is in the motion for new trial a very general complaint of a charge of the court. It is as follows: "The court erred in his charge to the jury, 'that if you believe that the defendant dug a well fifty-four feet deep, and if it filled up, or if you have a reasonable doubt thereof you will acquit the defendant,' for the reason that the court failed to charge the jury that if they believed the testimony of five witnesses, to wit: T. P. Wright, O. M. Rhea, Mitt Kirkus, Jim Adams, and White Clark, that if said well had been left standing for a year or more without casing that the same would run together and cement back together almost the same as if never been dug, and that the court failed to charge the jury that if said well had run back together or caved in was upon the weight of the evidence and to convict the defendant unless same had been filled up, as is more fully shown by bill of exceptions No. 2." Referring to the record, there is no bill of exceptions No. 2 comprised in it. That it would have been improper for the court to have instructed the jury that if they believed the testimony of certain named witnesses they should either convict or acquit, is too clear for discussion. Such an instruction would be obnoxious to the provision of our statute which denies the court the right to charge on the weight of the testimony. The court gave, everything considered, an excellent charge in which all the defensive matters were submitted. Among other things, he charged the jury as follows: "If you believe from the evidence in this case that the defendant did dig the well fifty-four feet deep for the said Joe Stahl, or if you have a reasonable doubt as to whether he did dig it fifty-four feet deep or not, you will acquit the defendant.

"If you believe that the defendant dug a well fifty-four feet deep and that it filled up, or if you have a reasonable doubt thereof, you will acquit the defendant.

"If the employes of the defendant drilled a well for Joe Stahl fifty-four feet deep, the defendant would not be guilty as charged,

and if you so believe or have a reasonable doubt thereof, you will acquit the defendant.

"Or if you. believe from the evidence beyond a reasonable doubt that the defendant made the false statement alleged in the indictment, but that the defendant had been informed by any of his employes that the said well was fifty-four feet deep, that the defendant believed it to be fifty-four feet deep at the time he made the statement, he would not be guilty and you will acquit him; or if you have a reasonable doubt thereof you will acquit him.

"Or if you believe from the evidence in this case that the statement alleged to be false was made by the defendant through mistake or under agitation, or through inadvertence, you will acquit the defendant."

The evidence is conflicting and the jury. have resolved the conflict against appellant. As presented, we think, there is no error.

3. During the argument attention was called to the case of Monson v. State, 2 Texas Ct. Rep., 925, in the belief, no doubt, that under the authority of that case the bill of exceptions considered above would be sufficient. In that case the court was considering the question as to whether or not a bill of exceptions contained in the statement of facts, to the exclusion of evidence, could be considered, and it was held, in substance, that such a bill, to the exclusion of testimony, could not be considered, but that a bill may be so reserved to testimony admitted in evidence. This case seems to follow the decision in Blackwell v. State, 33 Texas Crim. Rep., 278, which refers for its support to Cooper v. State, 7 Texas Crim. App., 194; Green v. State, 12 Texas Crim. App., 51; McWhorter v. State, 13 Texas Crim. App., 523; Branch v. State, 15 Texas Crim. App., 96; Willson Crim. Procedure, section 2516. All these decisions are more or less predicated upon rule 56 governing trial courts, which in terms provides for the reservation of bills of exception to admitted testimony but does not in terms seem to apply to rejected testimony. It is unnecessary in this case to determine whether all the expressions contained in the opinions on this question are such as should receive our approval. Neither the case cited by counsel nor the cases to which we have above referred can aid appellant here, for the reason that in this case his bill of exceptions touching the matter was separately reserved and not contained in the statement of facts, and must, under all the decisions, be tested solely and alone by reference to its contents. So tested, it seems clear that it shows no error.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]