### Dan Jay v. The State.

No. 1980. Decided January 31, 1900.

**1. Peace Officer—Marshal of Incorporated Town.**

Article 43, Code of Criminal Procedure, expressly declares that the marshal of an incorporated town or city is a peace officer, and his authority is not affected by the question of the jurisdiction of the city court.

**2. Information for Aggravated Assault—Simple Assault.**

Under an information charging an aggravated assault upon a peace officer in the discharge of his duty, a conviction may legally be had for a simple assault.

**3. Simple Assault—Evidence Sufficient.**

Evidence is sufficient to sustain a conviction for simple assault which shows that when a city marshal attempted to arrest defendant's brother, defendant either struck the officer with his hand or pushed him back and commanded him not to interfere with his brother.

Appeal from the County Court of Bosque. Tried below before Hon. W. B. Thompson, County Judge.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The information charged appellant with an assault upon Henry

Smith, marshal of the town of Morgan, who was then and there in discharge of the duties of his office.

No statement necessary.

*Word, Dillard & Word,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of a simple assault on an officer alleged to be in the discharge of his official duties. The evidence discloses the officer was the marshal of an incorporated town. It is contended by appellant that such officer is not a peace officer. There is no merit in this contention. Article 43, Code of Criminal Procedure, expressly declares the marshal of an incorporated town or city a peace officer. It would seem that appellant contends, because this court has held that a mayor's or city court has no jurisdiction of a violation of the Penal Code of our State, that therefore the marshal of such city or town is not a peace officer. This does not follow. The Legislature can confer authority upon such policemen or marshals to make arrests, whether the city court has or has not jurisdiction of such offenses.

It is further contended that because the information charges the cause of aggravation, to wit, that it was made upon a peace officer in the discharge of his duty, therefore he can not be convicted of a simple assault. There is more plausibility than merit in this proposition. The question has been decided by this court in Foster v. State, 25 Texas Criminal Appeals, 543, adversely to appellant's contention. The particular ground of aggravation in the Foster case was that the assault was upon a child. We see no difference in the reasoning of the two cases, and we think the analogy is complete.

The evidence is sufficient. When the officer arrested or attempted to arrest appellant's brother, he (appellant) either struck the officer with his hand, or pushed him back, and commanded him not to interfere with his brother. The judgment is affirmed.

*Affirmed.*