## Toribio Pastrana v. The State.

### No. 2995. Decided May 10, 1905.

**1.—Assault to Murder—Aggravated and Simple Assault.**

Where the evidence for the State showed an assault with intent to murder, and that for the defendant self-defense and want of intent to kill, the court should have charged upon aggravated and simple assault.

**2.—Same—Charge of Court—Weight of Evidence.**

Where the court's charge is so framed as to assume a state of facts amounting to an assault and battery, it constitutes error, although it instructed the jury to acquit under certain conditions.

Appeal from the District Court of Brewster. Tried below before Hon. B. C. Thomas.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sanford & Douglas,* for appellant.—The court erred in failing to charge an assault of an inferior degree (aggravated assault), because the jury may well have believed from the evidence that defendant was not justified in assaulting the injured party but on the other hand was guilty of an asasult not amounting to an assault with intent to murder. Hawthorne v. State, 28 Texas Crim. App., 212; Williams v. State, 15 Texas Crim. App., 617; Childers v. State, 33 Texas Crim. Rep., 509; Catling v. State, 72 S. W. Rep., 853; Chavana v. State, 51 S. W. Rep., 380.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault to murder, his punishment being fixed at two years confinement in the penitentiary. We think the court erred in failing to charge on aggravated assault. The evidence for the State shows an assault with intent to murder. Appellant's testimony shows that he acted in self-defense, because prosecutor was about to attack him with a dirk or knife. Appellant also testified that he did not shoot with intent to hit or kill prosecutor, but that he intended to scare him away. Under the authority of Gatlin v. State, 7 Texas Ct. Rep., 16, the court shuold have charged on aggravated and simple assault. Cubine v. State, 7 Texas Ct. Rep., 327.

Appellant also complains of the following portion of the court's charge: "If you believe defendant did not shoot at Manuel Guevara, for the purpose and with the intention of killing him, but that he shot for the purpose of frightening or scaring the said Guevara, you will acquit the defendant." Appellant insists that the state of facts suggested by the charge would amount to an assault and battery, and that the court by instructing the jury to acquit was in error, and the jury would not likely do so as appellant was guilty of some offense. This contention is also supported by the case cited above.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*