### Pancho Reyes v. The State.

#### No. 3033.  Decided June 7, 1905.

**1.—Assault to Murder—State Can Not Impeach Its Own Witness.**

It is error to permit the State to impeach its witness, unless the witness has testified to something injurious to the State.

**2.—Same—Must be Specific Intent to Kill—Aggravated and Simple Assault.**

Where the evidence in a prosecution for assault with intent to murder did not show that defendant shot at the prosecutor, but simply showed that the latter ran and the former fired his pistol, there being no specific intent to kill shown, the same is insufficient to support a verdict for that offense. Besides the court should have instructed upon aggravated and simple assault.

Appeal from the District Court of Aransas. Tried below before Hon. E. A. Stevens.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Baldwin,* for appellant.—Thomas v. State, 14 Texas Crim. App., 70; Bennett v. State, 24 id., 73; Meuly v. State, 26 id., 274.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Conviction of assault to murder, with two years in the penitentiary fixed as the penalty. Bills of exception numbers 1 and 2 show that the court permitted the district attorney to impeach the State witness. This can not be done unless the witness has testified to something injurious to the State. The bills do not show that the witness had so testified—in fact do not show what he testified. The bills are defective in this regard. Be this as it may, this character of testimony is admissible; and we say this in view of the fact that the case must be reversed, and the question may arise upon another trial.

Appellant insists that the evidence is not sufficinet to support the verdict of the jury. We think this contention is well made. There is nothing to show that appellant ever shot at the prosecutor; and without specific intent to kill there can be no assault with intent to murder. The mere fact that the prosecutor ran and appellant shot his pistol,

would not show even circumstantially that he shot at prosecutor. Therefore, we believe the evidence is not sufficient. Appellant also insists that the court should have submitted the issue of aggravated assault to the jury. There is no evidence showing that prosecutor was shot at. On another trial should the evidence show that prosecutor was shot at, the court should charge on aggravated assault. If the evidence is the same as here presented, there should be a charge on simple assault, on account of the shot being fired to frighten.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*