### HENRY HAYGOOD v. THE STATE.

#### No. 3575. Decided June 19, 1907.

**1.—Assault to Murder—Variance—Idem Sonans—Indictment.**

Where an indictment charged the name of the injured party to be Kamegay and the uncontroverted evidence was that his name was Kornegay, the same was not idem sonans and the variance was fatal.

**2.—Same—Charge of Court—Dangerous Weapon—Shoot to Frighten—Simple Assault.**

Where upon trial for assault with intent to murder, there was evidence that the defendant only shot to frighten the injured party, the court should have charged on the law of simple assault.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

According to the State's brief, the facts briefly stated are these: The prosecutor Kamegay was in his field picking cotton. Appellant rode up to the fence, called him to the fence; they engaged in a conversation, when the appellant became angered at the prosecutor, drew his pistol, and fired twice at him, and rode off. This theory was controverted by the appellant, and he claimed that he shot in self-defense [or to frighten the injured party].

The opinion states the case.

*Hughes & Cummings* and *Walter Collins,* for appellants.—On question of simple assault:   Art. 592, subdivision 3, Penal Code; Catling v. State, 72 S. W. Rep., 853.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of idem sonans:   Walker v. State, 13 Texas Crim. App., 618; Miltontree v. State, 30 Texas Crim. App., 151.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for assault to murder. A variance between the proof and the allegation in the indictment as to the name of the injured party is relied upon for reversal. The name of the injured party in the indictment is spelled Kamegay; the uncontroverted evidence is that he was named Kornegay. We are of of opinion this contention is sound. These names are not the same, nor in our judgment do they come within the rule of idem sonans.

Error is also assigned upon the failure of the court to charge the law with reference to one phase of assault raised by the testimony. Appellant took the stand, in his own behalf, and upon cross-examination the State elicited the following testimony: "Q. You didn't try to hit him? A. Of course I did not; I did not want to hurt him if he didn't hurt me. Q. Now you tell the jury you did not shoot at him to hit him? A. I didn't shoot to hit him. Q. You did not shoot at him to hit him? A. I did not. Q. You went down on a peaceable mission with a gun? A. Yes sir." In a general way, and in substance, appellant's testimony is to the effect, along this line, that he did not shoot at the alleged injured party with the intent to kill him; that when he called Kornegay to the fence to talk with him that Kornegay moved his hand as if to get his pistol, threatening to kill at the same time; appellant then jerked his pistol and fired twice, and when Kornegay did not draw his pistol, he (appellant) ceased firing, and his contention is that he only shot to frighten, but with the ulterior purpose that if Kornegay did pull his pistol, then he (appellant) would shoot to hurt. We believe appellant's contention is correct that the court should have charged as laid down in Catling v. State, 72 S. W. Rep., 853. The use of a dangerous weapon, under our statute, when used for the purpose of frightening or alarming, is a simple assault. It was originally held otherwise in McCullough v. State, 24 Texas Crim. App., 128, and practically to the same effect is Blackwell v. State, 33 Texas Crim. Rep., 278. These cases were overruled by Pearce v. State, 37 Texas Crim. Rep., 643, which case has been followed in Tollett v. State, 55 S. W. Rep., 335; Smith v. State, 57 S. W. Rep., 949, and Vann v. State, 43 Texas Crim. Rep., 244.

It is unnecessary, under the disposition made of this appeal, to enter into a discussion of the misconduct of the jury. We are of opinion, however, that if it was necessary to do so, the misconduct is of such character as would also require a reversal of the judgment.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*