## Lovard King v. The State.

### No. 752.   Decided February 8, 1911.

**Assault to Murder—Aggravated Assault—Simple Assault—Former Conviction.**

   Where, upon trial of assault to murder, defendant filed his plea of former conviction of simple assault, and the evidence showed on the part of the defendant a simple assault, but the court submitted only aggravated assault, there was error, and the question of simple assault should have been submitted to the jury. Following Pearce v. State, 37 Texas Crim. Rep., 643.

Appeal from the District Court of Shelby.   Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Tom C. Davis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted by the grand jury, charged with assault to murder.   On the trial of the case the court gave in charge only the law applicable to aggravated assault, and the jury found the defendant guilty of aggravated assault and assessed his punishment at a fine of $25.

It appears from the record that appellant, prior to the date he was indicted, had plead guilty to simple assault, growing out of the same transaction, and paid his fine, and plead this in bar of this prosecution.

We have carefully read the testimony in this case, with the view of seeing whether or not the issue of simple assault was raised.   The State's witness, Jeff Owens, makes a clear case of aggravated assault, and under his testimony and the other witnesses, the jury would have been authorized to find defendant guilty of that grade of offense.   But the testimony of the defendant, in our opinion, if true, would only make him guilty of a simple assault, and he had the right to have the question submitted to the jury.   Pearce v. State, 37 Texas Crim. Rep., 643.   The court in his charge did not present affirmatively defendant's right to be acquitted, if they found under the facts he was guilty only of simple assault.   The defendant asked a special charge, in substance that defendant having been punished for a simple assault growing out of this transaction, then if the jury found beyond a reasonable doubt that defendant was guilty of an

assault, but had a reasonable doubt as to whether the assault was an aggravated assault, they would acquit. The special charge requested may not have been properly worded, yet it called the attention of the court to the law that if the jury had any doubt as to the degree of assault, whether aggravated or simple assault, the defendant should be given the benefit of the doubt.

Because of the failure of the court to submit affirmatively defendant's theory of the case, this cause is reversed and remanded.

*Reversed and remanded.*