## Vol Drake v. The State.

### No. 1146.   Decided April 26, 1911.

**1.—Assault to Murder—Newly Discovered Evidence.**

Where, upon appeal, it appeared from the record that the defendant had not used diligence in procuring the alleged newly discovered evidence, there was no error in overruling his motion.

**2.—Same—Charge of Court—Simple Assault.**

Where the defense testimony showed that at the time defendant shot he

was at so great a distance that he could not have hit the alleged injured party, the court should have submitted a requested charge on simple assault.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was charged with an assault to murder, and upon trial was convicted of an aggravated assault.

1. The first contention of defendant is that the court erred in not granting a new trial because of newly discovered evidence. One of the witnesses, that it is claimed knew additional facts, was placed upon the stand and testified. The other witness was in attendance upon the court, and sworn as a witness, though not used. If they knew facts, under such circumstances it was the duty of defendant to adduce them. Defendant's counsel admits he talked with both witnesses about this case, and what they knew. He placed one on the stand, and as to the other he decided not to do so. In view of the evidence he states he expects to prove by each on another trial, when not supported by the affidavit of either of them, the court did not err in overruling the motion on this ground.

2. The only other assignment presents the issue of whether or not the court erred in failing to charge on simple assault. The State's evidence and theory support the verdict of the jury. The defendant and the testimony of his witnesses admit that defendant fired a gun, but say that he was too far distant to inflict an injury, and defendant says he intended no injury, and cursed and fired his gun in anger to frighten the prosecuting witness and the entire family. That at the time he did so he was at so great a distance, with impediments between them, he did not see the person whom it is alleged he assaulted, but admits he was cursing and fired the gun; however, he says he did not shoot in direction of the house. That he was 350 yards from the house.

Article 592, subdivision 3, of the Penal Code, provides: "It follows that one who is, at the time of making an attempt to commit the battery, under such restraint as to deprive him of the power to act, or who is at so great a distance from the person assailed as that he can not reach his person by the use of the means with which he makes the attempt, is not guilty of an assault. But the use of any dangerous weapon, or the semblance thereof, in an angry or threaten-

ing manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

Under defendant's theory he would, if guilty of any offense, be guilty of only an assault, and the court should have submitted this issue to the jury.

The judgment is reversed and the cause is. remanded.

*Reversed and remanded.*