### Mark Shuffield v. The State.

#### No. 1265.   Decided June 7, 1911.

**1.—Aggravated Assault—Assault and Battery—Assault.**

Where the information did not charge an assault and battery but limited the allegation to an assault, the jury should have been limited to the offense charged in the information.

**2.—Same—Insufficiency of the Evidence—Simple Assault.**

Where, upon trial for aggravated assault by means of a deadly weapon, the evidence showed that the defendant presented a gun in a threatening manner to alarm, a conviction of aggravated assault could not be sustained and the offense if any was simple assault. Following Haygood v. State, 51 Texas Crim. Rep., 618; Pierce v. State, 37 Texas Crim. Rep., 643. and other cases. Overruling McCullough v. State, 24 Texas Crim. App., 128; Blackwell v. State, 33 Texas Crim. Rep., 278.

Appeal from the County Court of Milam.   Tried below before the Hon. John Watson.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*W. A. Morrison,* for appellant.—On the question of the gun not being a deadly weapon as used: McKay v. State, 44 Texas, 53; Price v. United States, 15 L. R. A., 1272; McCullough v. State, 24 Texas Crim. App., 128.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault and battery, his punishment being assessed at a fine of twenty-five dollars.

The information and complaint charge appellant with committing an aggravated assault by means of a deadly weapon. The evidence shows that appellant and the alleged injured party were enemies, and had been for some time; that on the occasion of the trouble out of which this trial and conviction arose the alleged injured party was in the store of appellant, and appellant ordered him out. A war of words ensued, and the alleged injured party got out his pocket-knife and appellant got his shotgun and presented it at the alleged injured party.

The information did not charge an assault and battery, but limited the allegations to an assault. The court submitted the case to the jury under a charge of assault and battery. Complaint is made of this. Upon another trial, this charge should limit the consideration of the jury to the law applicable to the charge against the accused.

There are some other matters suggested for revision, but only one of which we consider necessary to discuss; that is, the sufficiency of the evidence. As used by appellant, the gun was not a deadly weapon; it was not fired, nor was it used to strike with; no injury was inflicted. In fact, all that was done by the accused was to present the gun in a threatening manner under the circumstances already detailed. Under this character of evidence, and under our statute and decisions, we are of opinion this would not be more than a simple assault from the State's standpoint. We are not discussing any question of self-defense as against the knife or threatened use of the knife by the alleged assaulted party. In Haygood v. State, 51 Texas Crim. Rep., 618, it was held that the use of a dangerous weapon, under our statute, when used for the purpose of threatening or alarming, is only a simple assault. It was, under the statute, originally held otherwise, in McCullough v. State, 24 Texas Crim. App., 128, and practically so in Blackwell v. State, 33 Texas Crim. Rep., 278. These cases were all overruled in Pierce v. State, 37 Texas Crim. Rep., 643. The latter case has been followed in quite a number of cases, among others, Tollett v. State, 55 S. W. Rep., 335; Smith v. State, 57 S. W. Rep., 949, and Vann v. State, 43 Texas Crim. Rep., 244.

Under these authorites we are of opinion that the judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*