## Forest Myers v. The State.

No. 2975.    Decided January 28, 1914.

**1.—Aggravated Assault—Intent to Alarm—Intent to Injure.**

Under article 1013, Penal Code, the use of a dangerous weapon or the semblance thereof in an angry and threatening manner with intent to alarm another and under circumstances calculated to effect that object is an assault, and where the evidence showed that the weapon was not only presented with the intent to alarm, but did alarm, it was not necessary to show an intent to injure.

**2.—Same—Simple Assault—Deadly Weapon.**

Under article 1022, Penal Code, an assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder, and where the evidence showed that defendant presented a gun in a shooting position with intent to alarm, the same constituted an aggravated assault and not a simple assault.

Appeal from the County Court of Wharton. Tried below before the Hon. J. R. Bowen.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Jno. A. Barclay* and *E. R. Pedigo,* for appellant.—On question of intent to injure: Ware v. State, 24 Texas Crim. App., 521; Tubbs v. State, 50 Texas Crim. Rep., 143; Hubbard v. State, 56 id., 274; Atkinson v. State, 62 Texas Crim. Rep., 419, 138 S. W. Rep., 125.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of making an aggravated assault on Henry Hopkins. The facts show that Henry Hopkins married a sister of appellant, and the feeling had grown bitter between them over the dividing line of the land of appellant and his sister. Mrs. Hopkins had been prosecuted for making an assault

on appellant, and on the day this offense was alleged to have taken place, all the parties had been to town to see lawyers in regard to their land troubles. Appellant says he did not take his deed with him, and returned home after it, and was on his way back to town when he met Hopkins and his wife in the road. Hopkins and his wife say they were going home when they met appellant; that he had a gun in his buggy and as he drew near them.appellant "picked up his gun, which I took to be a shotgun, and seemed to be unbreeching it, or doing something with it, and I thought he was loading it, and when he got within about forty or fifty yards of me, he checked up his mule, and raised the shotgun and point it at me. Just as he did this, my wife grabbed the lines and jerked our horse, and we both jumped out of the buggy. I was frightened, and thought he was going to shoot. I jumped out of the right side of my buggy and my wife jumped out on the left side. I got under the fence on the right side of the road, and ran to the house of Mason Johnson, and called him, and asked him if he could not give me something to protect myself with. When my wife jumped out of the buggy, she got under the fence on the opposite side of the road, and ran around behind a tenant house of William Edwards on his place. As I was running toward Mason Johnson's house, Forrest Myers cursed me, and called me a cowardly black son-of-a-bitch." Hopkins' wife corroborates this evidence.

Appellant admitted he was going along the road and had a gun in his buggy, and that when he drew near Hopkins and his wife, they jumped out of their buggy and ran, but denies he cursed anyone on that occasion and denies presenting the gun in a shooting position.

Appellant's contention, first, is that as no injury is shown, this would not constitute any offense, if the State's testimony is true. This is not the law. Article 1013 of the Code provides that the use of a dangerous weapon, or the semblance thereof, in an angry and threatening manner with intent to alarm another, and under circumstances calculated to effect that object, is an assault. If the State's testimony is true, it was not only presented with the intent to alarm, but in fact his conduct with the gun did alarm and cause Mr. and Mrs. Hopkins to jump from their buggy, run under the fence, and flee, so it was not necessary that an actual injury be shown as contended by appellant. Appellant's next contention is that if the acts recited did constitute an assault, it would be a simple and not an aggravated assault. Neither can this contention be sustained. Article 1022 provides that an assault becomes an aggravated assault when committed with a deadly weapon under circumstances not amounting to an intent to murder. If appellant had actually fired the gun, it would amount to an assault to murder, and as he did not fire the gun, but only presented it in shooting position, when Mr. Hopkins fled, under this article of the statute, the assault became an aggravated assault. That the gun appellant had with him on this occasion was a deadly weapon, is shown by his testimony—he

says it was a Winchester shotgun, and there is no contention that it was not in excellent shooting order.

There are no bills of exception in the record, but these questions are presented in various ways in the motion for a new trial, and in the special charges requested, and are the only questions presented. Finding no error in the record, the judgment is affirmed.

*Affirmed.*