### PETE PRICE v. THE STATE.

#### No. 4434. Decided April 25, 1917.

**Assault to Murder—Aggravated Assault—Simple Assault—Charge of Court—Premeditated Design.**

The charge of the court must be confined to the issues raised by the pleadings and the evidence, and where the evidence did not raise the issue of premeditated design, a charge upon this phase of the law of aggravated assault was reversible error. Following McMurtry v. State, 38 Texas Crim. Rep., 521, and other cases. Besides, the charge on the law of simple assault should have been submitted. Following King v. State, 61 Texas Crim. Rep., 190.

Appeal from the District Court of McLennan. Tried below before the Hon. J. D. Willis, Special Judge.

Appeal from a conviction of aggravated assault; penalty, two years confinement in the county jail.

The opinion states the case.

*Williams & Williams,* for appellant.—On question of court's charge on aggravated assault upon a ground which was not raised by the evidence: Stanfield v. State, 43 Texas, 167; Coney v. State, 43 id., 414; Kouns v. State, 3 Texas Crim. App., 13; McGhee v. State, 5 id., 492; Ferguson v. State, 4 id., 156; Anderson v. State, 16 id., 132; Taylor v. State, 17 id., 46; Parks v. State, 29 id., 597; Whitcomb v. State, 30 id., 269; McMurtry v. State, 38 Texas Crim. Rep., 521.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Indicted for assault with intent to murder, appellant's conviction was for aggravated assault condemning him to confinement in the county jail for two years.

Appellant and George Gerald, the alleged injured party, are negroes, and there is evidence that on the occasion of the difficulty both had been drinking intoxicating liquors; that they were strangers to each other; that they met at night; that appellant approached Gerald, using

an expression current among the negroes in the neighborhood, inviting him to gamble; that Gerald did not understand the purport of the language; that appellant slapped Gerald on the face or body; that appellant had in his possession a gun, and there was evidence that there was some talk about whether the gun would fire or not. Appellant pointed it at the ground and fired it. Gerald struck appellant on the head or face with a bottle of whisky, breaking the bottle and dazing appellant. Gerald ran away, and appellant, after recovering from the blow, fired his gun several times. Appellant was enraged and excited by the blow. Gerald testified that after he hit appellant he did not see him do anything but heard shots. He says: "I tried to get out of the way, and he commenced shooting; I guess it was him; it was several shots made at me; something like ten or twelve shots, maybe twelve or fifteen, I could not tell exactly." Another witness testified that he only saw appellant fire one shot, and that he fired in the ground. Other witnesses testified that when Gerald ran he immediately got into a ditch, that the firing by appellant was in a different direction from that in which Gerald ran; that he fired two or three times and that when appellant shot, Gerald was out of his sight.

The court submitted the issues of assault with intent to murder and aggravated assault, and refused to submit simple assault, the appellant reserving exceptions both to the general charge and to the refusal of the special charges. Complaint is made of that part of the court's charge on aggravated assault wherein the following paragraph occurs: "An assault becomes aggravated when committed with premeditated design and by the use of weapons calculated to inflict great bodily injury." Appellant insists that there was no evidence of premeditated design, and in this we think he is correct. So far as there is any evidence that appellant tried to shoot Gerald, it relates to what happened after appellant received the blow, and the circumstances negative the idea of premeditated design. The charge must be confined to the issues raised by the pleadings and evidence. McMurtry v. State, 38 Texas Crim. Rep., 521; Parks v. State, 29 Texas Crim. App., 597; Whitcomb v. State, 30 Texas Crim. App., 269; Taylor v. State, 17 Texas Crim. App., 46, and under this rule the use of the language quoted has frequently resulted in reversals. Kouns v. State, 3 Texas Crim. App., 13; Anderson v. State, 10 Texas Crim. App., 132; McGhee v. State, 5 Texas Crim. App., 492; Ferguson v. State, 4 Texas Crim. App., 156. See also cases cited in Vernon's Ann. P. C., art. 1022, p. 575. In these cases the charge complained of has under similar circumstances been declared misleading and harmful. The circumstances under which the gun was first fired, we think, raised the issue of simple assault. Bean v. State, 49 S. W. Rep., 394; Pastrana v. State, 48 Texas Crim. Rep., 224; Ivery v. State, 48 Texas Crim. Rep., 279; King v. State, 61 Texas Crim. Rep., 190. The blow or slap on the face or body that was given by appellant would also raise this issue in our judgment, and there was

error in the failure of the court to instruct the jury on the law of simple assault.

The other assignments have been considered and do not, in our judgment, show reversible error.

For the error pointed out it is ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*