## W. T. Jackson v. The State.

No. 6320. Decided October 19, 1921.

Rehearing granted November 30, 1921.

**1.—Aggravated Assault—Deadly Weapon--Requested Charge.**

Where, upon trial of aggravated assault the ground of aggravation being a deadly weapon, it was reversible error to refuse a requested charge presenting the usual and customary definition of a deadly weapon, and the court having failed to define in his main charge that term, the same was reversible error.

**2.—Same—Charge of Court—Simple Assault—Shotgun—Deadly Weapon.**

A shotgun when merely used to alarm is not a deadly weapon, and the offense would be but a simple assault, it mattering not whether the gun was loaded or unloaded, and in the instant case, if the gun was not a deadly weapon, etc., the offense made by the State's pleading was not supported by the proof. The Court having failed to charge on simple assault, which should have been done. Following Yelton v. State, 75 Texas Crim. Rep., 38, and other cases.

**3.—Same—Defendant's Absence—Verdict of Jury—Motion for New Trial.**

In the absence of a statement of facts of the evidence heard on a motion for new trial, on account of the absence of the defendant when the verdict was received, the matter cannot be reviewed and there is no reversible error on that ground.

90 T. C.—24

Appeal from the County Court of Angelina.  Tried below before the Honorable John F. Robinson.

Appeal from a conviction of aggravated assault; penalty a fine of $25.

The opinion states the case.

*Fairchild & Redditt,* for appellant.—On question of deadly weapon: Skidmore v. State, 43 Texas, 94; Key v. State, 12 Texas Crim. App., 506; Teague v. State, 206 S. W. Rep., 193; Hardin v. State, 13 Texas Crim. App., 192; Kosmoroski v. State, 59 Texas, Crim. Rep., 296, and other cases.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for aggravated assault; punishment fixed· at a fine of $25.

The alleged ground of aggravation is the use of a deadly weapon.

While Mrs. Johnson and Mrs. Jackson were conversing over the telephone, a party line, Scroggins picked up the receiver, and, hearing the conversation, made a remark which was construed by Mrs. Jackson as offensive, though Scroggins claimed that it was not so intended. Later, while Scroggins and two companions were riding horseback along the road, passing the home of the appellant, W. T. Jackson, he accosted them, and, according to the State's testimony, commanded the separation of Scroggins from his companions, and in an angry manner and tone, leveled his gun or pointed it at Scroggins, telling him that if he did not go to the house and apologize to Mrs. Jackson, he would be killed by the appellant.  Accompanying this action or preceding it, a noise was heard indicating the cocking of the gun.  Scroggins complied with the demand and the appellant held the gun on him while he went to the house and made the apology.

Appellant's theory is to the effect that upon seeing Scroggins and his companions, he got his gun and went to the road and accosted them and demanded that Scroggins should go to the house and apologize to Mrs. Jackson; that Scroggins, without hesitation, did so, the appellant following him without presenting his gun, which, according to his testimony, he carried for protection, understanding that Scroggins was in the habit of going armed.

The court instructed the jury thus:

"A shotgun is a deadly weapon but the merely having a shotgun in one's possession, or the carrying one in the ordinary manner or way one may or is usually carried does not constitute an assault and only becomes the means of an assault when used in a threatening manner or presenting it in a shooting position."

Appellant requested an instruction that a deadly weapon was one which "in the manner used is likely to produce death or serious bodily harm," and complains of the refusal of this charge.

The real issue was whether an assault was committed. If appellant cocked and presented a shotgun with threatening words and manner, as described by the State's witnesses, he committed an assault with a deadly weapon. Such is the holding of this court in Lockland's case (45 Texas Crim. Rep., 89) and others. See Myers v. State, 72 Texas Crim. Rep., 630, 163 S. W. Rep., 432; Ford v. State, 51 Texas Crim. Rep., 443; Forrest v. State, 3 Texas Crim. App., 232; Burton v. State, 3 Texas Crim. App., 408.

There is no evidence that the instrument was used otherwise than as a firearm. If it was not in condition to shoot, it devolved upon the appellant to furnish evidence of this fact, it being peculiarly within his knowledge. Cromwell v. State, 60 Texas Crim. Rep., 183; Crow v. State, 55 Texas Crim. Rep., 200 L. R. A. (N. S.), Vol. 21, p. 497; Lockland v. State, 45 Texas Crim. Rep., 87.

If the facts were as claimed by appellant, he made no assault. As we conceive it, the question was not whether the instrument was a deadly weapon in the manner used but whether it was used at all. The charge given, we think, was better adapted to guide the jury in deciding this issue than the special charge requested. If the State's theory was true, there was no occasion to define a "deadly weapon." Martinez v. State, 56 S. W. Rep., 58; Wheeler v. State, 56 Texas Crim. Rep., 550; Lofton v. State, 59 Texas Crim. Rep., 270; Kosmoroski v. State, 59 Texas Crim. Rep., 296. Under the charge given, unless the State's theory was believed, it was the duty of the jury to acquit. It was not contended that if the instrument was used as the State claims, there was a lack of intent to injure such as would classify the offense as a simple assault. Teague v. State, 84 Texas Crim. Rep., 169, 206 S. W. Rep., 193; and Hall v. State, 89 Texas Crim. Rep., 254, 230 S. W. Rep., 690 are cases in which there was affirmative evidence that the demonstration made with the firearm was without intent to injure. Such issue is not in the case in hand.

A new trial was sought on the assertion that the verdict was received in appellant's absence. According to the motion and affidavit attached, he attended the trial, but at the time the verdict was received, was outside of the courthouse a few feet from the door. In the order overruling the motion, it is stated that evidence was heard. We have before us no statement of the evidence heard on the motion, and in its absence, must assume that the facts adduced support the court's action. If appellant was voluntarily absent, the court's action in receiving the verdict was justified. Laws of 1907, Chap. 19.

No error appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 30, 1921.

LATTIMORE, JUDGE.—Appellant was charged with aggravated assault. The ground of aggravation laid, was the use of a gun, same being a deadly weapon. The State's case was that appellant, affronted at conduct of Scroggins, the alleged injured party, presented at him a shotgun demanding that he go and apologize to Mrs. Jackson, appellant's wife, or appellant would kill him. Scroggins stood not on the order of his going but went and apologized. Nothing further was done.

Appellant asked a special charge presenting the usual and customary definition of a deadly weapon which was refused, and the court having failed to define in his main charge that term, gave the special charge set out in our opinion as corrective of his omission. We are inclined upon mature reflection to conclude that we were in error in upholding the action of the trial court in refusing the special charge containing a correct definition of a deadly weapon and in giving the definition contained in the special charge which was given at the instance of the State. A shotgun, when merely used to alarm, is not a deadly weapon. McCutcheon v. State, 49 Texas Crim. Rep., 608; Bean v. State, 49 S. W. Rep., 394; Ray v. State, 21 S. W. Rep., 540; Hall v. State, 105 S. W. Rep., 816; Shuffield v. State, 62 Texas Crim. Rep., 556. Whether such gun was loaded or not was held a material matter in Pearce v. State, 37 Texas Crim. Rep., 643, but this was practically overruled in Hall v. State, *supra,* which succinctly states that if the gun be used to alarm, the offense would be but a simple assault, it mattering not whether the gun was loaded or unloaded. In the instant case if the gun was not a deadly weapon, that is not one which in the manner of its use was likely to produce death or serious bodily injury, the offense made by the State's pleadings was not supported by the proof. Upon another trial the court should submit simple assault. Yelton v. State, 75 Texas Crim. Rep., 38, 170 S. W. Rep., 319; Haygood v. State, 51 Texas Crim. Rep., 618; Ray v. State, supra; Wright v. State, 77 S. W. Rep., 809; Shuffield v. State, *supra.* In the Yelton case, *supra,* the accused had a deadly weapon in his hand in enforcing his demand for an apology from the alleged injured party to his wife. The facts are very similar to those in the instant case. In Shuffield's case, after a war of words the accused presented his shotgun at his enemy but did not try to discharge it. In Ray v. State, *supra,* appellant demanded a retraction at the hands of the alleged injured party, and when the latter was slow in making it, threw a shell into his gun. These were held to be cases of simple assault.

If the jury believed from the facts in the instant case that appellant had no further intent to use the shotgun in question than to alarm

Scroggins and thus induce him to apologize to Mrs. Jackson, appellant would be guilty of nothing more than a simple assault. This is the construction now uniformly placed upon facts embraced by the third subdivision of Art. 1013, Vernon's P. C.

Being of opinion that said special charge for the defense should have been given, and that the court erroneously instructed the jury as to what was a deadly weapon, the motion for rehearing is granted, the judgment of conviction set aside, and the cause reversed and remanded for trial in accordance with this opinion.

*Reversed and remanded.*