## L. C. SALISBURY v. THE STATE.

### No. 6514. Decided December 14, 1921.

**1.—Aggravated Assault—Assault to Murder—Requested Charge—Intent to Kill.**

Where, upon trial of assault to murder the defendant was convicted of aggravated assault, any error in either charge on the intent to kill would not be reversible error, and there was therefore no error in the court's refusal of defendant's requested charges on the subject of intent to kill.

**2.—Same—Rule Stated—Intent to Kill—Murder—Malice.**

It is not necessary under the rule that defendant should entertain a sufficient intent to kill, in order to make him guilty of an assault. One who shoots wantonly and recklessly into a car or building, known to him to be occupied, need not have the specific intent to kill any particular person in order to make him guilty of murder. Following Russell v. State, 38 Texas Crim. Rep., 596, and other cases.

**3.—Same—Specific Intent to Kill—Requested Charges.**

The lack of such specific intent to kill would not have justified the defendant to such an extent as to require his acquittal, and the requested charges being predicated upon this erroneous assumption were properly refused.

**4.—Same—Intent—Intent to Alarm—Simple Assault.**

Even if defendant had only shot to scare and not to kill, he would nevertheless be guilty of an assault. Following Smith v. State, 57 S. W. Rep., 949, and other cases.

**5.—Same—Sufficiency of the Evidence—Aggravated Assault.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the State's case made out an unprovoked wanton shooting into a car occupied by several persons without any apparent excuse, the conviction for aggravated assault is amply sustained.

Appeal from the District Court of Clay. Tried below before the Honorable H. F. Weldon.

Appeal from a conviction of aggravated assault; penalty, a fine of $450.

The opinion states the case.

C. M. *McFarland,* for appellant.—On question of requested charges: Stanton v. State, 29 S. W. Rep., 476; Atkinson v. State, 138 id., 125.

R. G. *Storey,* Assistant Attorney General, for the State.

. LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Clay County of aggravated assault, and his punishment fixed at a fine of $450.

Appellant was upon trial for an assault to murder and was convicted as above stated, and upon his appeal presents but one question which appears as follows: Appellant was a tenant and upon some part of the premises an oil well was in process of drilling and a gate near appellant's house was being commonly used by the persons connected with such oil well. The use of said gate for such passage appears to have been entirely acceptable to appellant until about the time of this occurrence; it appearing that on the afternoon before the shooting in question some women going through said gate had used language to appellant's wife which she regarded as insulting, upon which he instructed "the boys" that when they came through the gate they must let him see who they were, or something to that effect. On the night in question a young man named Gill with some companions were driving in a car and passed through said gate, appellant being upon the porch of his house a short distance away. The party did not go to appellant's house or communicate with him in any way, and as they drove their car away from said gate after passing through, appellant fired at said car with a Winchester rifle, the bullet striking young Gill inflicting upon him injuries which confined him in a hospital for over two months. Under these facts and on the trial appellant asked two special charges, the refusal of which is practically the only ground of this appeal, and which charges are as follows:

"Gentlemen of the jury you are instructed that if you find and believe from the testimony in this case that the defendant Salisbury at the time that he fired the shot in question did not shoot the prosecuting witness Gill with the specific intent to kill or injure the prosecuting witness Gill, but that the defendant fired said shot for the purpose of stopping the automobile in which the said Gill and other parties were riding, or in case of reasonable doubt, then you will acquit the defendant, and so say by your verdict.

C. M. McFarland and R. E. Taylor."

"Gentlemen of the jury in this case you are instructed that the burden of the proof is upon the State of Texas to prove beyond a reasonable doubt that the defendant shot the prosecuting witness Gill with the specific intent to kill said Gill, and if you have a reasonable doubt as to such specific intent upon the part of the defendant at the time he fired said shot then you will acquit said defendant and say so by your verdict.

C. M. McFarland and R. E. Taylor."

We are unable to find any error in the refusal of either of said charges. In Thompson v. State, 30 S. W. Rep., 667, this court held that error in a charge on the intent to kill would not be reversible when the conviction was only for aggravated assault.

It was not necessary under any rule known to us for appellant to have entertained the specific intent to kill Gill, in order to make him guilty of an assault. One who shoots wantonly and recklessly into a car or building known to him to be occupied, need not have the specific intent to kill any particular person in order to make him guilty of murder. Russell v. State, 38 Texas Crim. Rep., 596; Holland v. State, 55 Texas Crim. Rep., 27. The lack of such specific intent to kill would not have justified appellant to such an extent as to require his acquittal, and said special charges above being predicated on this erroneous assumption, were properly refused. Appellant cites many authorities wherein the theory of shooting to scare arose and was not submitted. In such case even though the jury believed the appellant only shot to scare and not to kill, he would nevertheless be guilty of an assault under the authorities submitted and under the third subdivision of Article 1013, Vernon's P. C.; Smith v. State, 57 S. W. Rep., 949; Catling v. State, 72 S. W. Rep., 853; Ivory v. State, 48 Texas Crim. Rep., 279, 87 S. W. Rep., 699.

We think the facts in the case justify the verdict. The State's case made out an unprovoked wanton shooting into a car occupied by several persons without any apparent excuse at all save that the appellant did not like their act in driving off without coming by his house. Appellant admitted that he shot with the Winchester rifle but denied any intent to injure, claiming that he only shot for the purpose of striking a tire and stopping said vehicle. The question was one of fact for the jury and they have decided same against the contention of appellant. The act of appellant appeared so reckless and in such utter disregard of the reasonable probabilities of the consequence of such shooting as that the jury might have convicted him of a graver offense, and we think him without just ground of complaint at his conviction of an aggravated assault.

The judgment will be affirmed.

*Affirmed.*