## John Bilyeu v. The State.

### No. 8047. Delivered January 20, 1926.

**1.—Murder—Evidence—Bearing on Motive—Properly Admitted.**

Where, on a trial for murder, appellant admitting the firing of the shot which killed the deceased, and claiming it was not fired with any intent to kill, there was no error in permitting the State to prove a difficulty between appellant and a boy who was riding in the car with deceased at the time of the shooting, as tending to show a probable motive on the part of appellant, and contradictory of his defense of no intent to injure any of the occupants of the car.

**2.—Same—Evidence—Of Malice—May Be Implied.**

Where, on a trial for murder, if the evidence discloses a reckless shooting, evidencing a disregard for human life, from such facts the implication of malice might be drawn, and upon this theory, the trial court did not err in submitting the issue of murder, in the charge to the jury. In Banks v. State, 85 Tex. Crim. Rep. illustrative, other cases defining the same principle are Hart v. State, 87 Tex. Crim. Rep. 55, and Wade v. State, 227 S. W. 489.

**·3.—Same—Evidence—Properly Excluded.**

Where, on a trial for murder, appellant's defense being that he fired a shot at an automobile in which several boys were riding, killing the deceased, and that he aimed at the wheels of the car, and not at the occupants thereof, there was no error in refusing to permit appellant to prove that he bore the reputation of being cautious and prudent in the handling of boys.

Appeal from the District Court of Cottle County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of five years.

The State's evidence, coming from several witnesses, is this: Grady Wright, a youth seventeen years of age, and three

other boys were riding in a Ford automobile upon the public streets at about twelve o'clock at night. After visiting several places at the time, at some of which the appellant was present, they stopped at a filling station. As they were driving away from the filling station, several shots were fired, one of them striking the deceased, Raymond Robertson, who was riding on the back seat of the car. The bullet entered his head just behind his ear and came out above his right eye.

Appellant's theory, coming from his testimony, is that the boys in the automobile were making a noise calculated to disturb the peace; that he fired his pistol at the casing of the car with no intent to injure any of them, but with the view of causing the car to stop. Appellant was fifty-eight years of age. By verbal authority of the city marshal, he was authorized to carry a pistol and acted as night watchman. No commission had been issued to the appellant.

Whether the boys in the automobile were making any unusual noise was a controverted issue.

The court instructed the jury upon the law of murder and negligent homicide in the first and second degrees. He also defined the offense of disturbing the peace and submitted the appellant's defensive theory. Each of the paragraphs of the charge appears to have been carefully drawn and to have accurately and fairly presented the issues attempted.

Appellant complains of the fact that the issue of murder was submitted, asserting that the issue was not raised.

There was evidence that some days before the homicide, appellant had had a difficulty with one Charley Lester, while the latter was drinking. Lester drew a knife and appellant presented his pistol. This evidence came into the case over the objection of the appellant. In qualifying the bill, the court said that there was evidence pointing to the fact that on the night of the tragedy and a short time before it occurred, Lester was with the other boys; that this was known to the appellant, and that the circumstances were such as to warrant the jury in concluding that the appellant believed that Lester was one of the boys in the automobile at the time the shots were fired. These conclusions, we think, are not unsupported by the record, though they were controverted by the appellant.

Lester testified that while the boys were in the car in which the deceased Robertson was killed, appellant was met by the witness and was told by him that he wished he could find some one to carry him home; that appellant asked him why he did

not get in Grady Wright's car with the other boys who were at the hamburger stand and get them to carry him home. Lester claims to have gone in the direction of Wright's car, but was picked up by another and reached his home a short time before the shots were fired. As the record is presented, we think that the court's conclusion that the previous difficulty between the appellant and Lester was relevant upon the issue of motive was not unwarranted.

On the sufficiency of the evidence to raise the issue of murder, we are not able to bring ourselves into accord with the appellant's theory. The circumstances were such as to justify the conclusion of the jury that the appellant's shots were fired at the occupants of the automobile. If such were their conclusion, they were justified in finding the appellant guilty of murder. Illustrative is the case of Banks v. State, 85 Tex. Crim. Rep. 166, in which there was a death penalty. Banks fired at a moving freight train, killing a brakeman, against whom he had no cause for malice. This court held that from the reckless shooting the implication of malice might be drawn. Other cases defining the same principle are Hart v. State, 87 Tex. Crim. Rep. 55; Wade v. State, 227 S. W. Rep. 489.

We are not impressed with the soundness of the contention that the court was in error in rejecting the testimony to the effect that the appellant bore the reputation of one who was cautious and prudent in the handling of firearms. We perceive no issue in the case upon which this testimony is pertinent. Admittedly, appellant fired the pistol. It was not an accidental discharge. His sole contention was that he aimed at the wheels of the car and not at the occupants thereof.

The charge of the court was such that additional instructions upon the law of negligent homicide was not demanded by the evidence.

An affirmance of the judgment is ordered.

*Affirmed.*