PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ ENAMORADO, Defendant and Appellant.

No. 2891. Argued November 12, 1926.—Decided July 26, 1927.

*Arjona & Arjona* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint charged the defendant with having shot at the prosecuting witness and caused damages to the automobile of which the said prosecuting witness was the chauffeur. The District Court of Guayama found the defendant guilty of aggravated assault.

The evidence tended to show by the admissions of the defendant that he fired various shots at the automobile in which the prosecuting witness was traveling. The evidence of the defense tended to show that the defendant was an officer of the customs; that he suspected that the prosecuting witness was attempting to land contraband liquor at Ponce; that when the automobile of the prosecuting witness started from the playa of Ponce the defendant followed, turning on a flashlight and shouting to the prosecuting witness to make him stop. The defendant squarely denied firing the shots, but the court evidently found against him.

The government showed that the prosecuting witness was alarmed by the shots. He testified that he thought he was being followed by bandits.

What has caused the delay in the decision of this case is that doubts have arisen whether the admissions of the defendant tend to show anything more than that he shot at the automobile with the intention of making it stop. The claim is that he shot only at the tires of the automobile. The defense maintains that under these circumstances, while he might be guilty of some other offense, he should be acquitted of any intention to hit any of the occupants of the car.

Our statute has been copied from Texas and cases from that state have been cited to show that a specific intent to commit a battery must appear. In *Johnson* v. *The State*, 43 Tex. 576, for example, the defendant was moving about with a loaded weapon. He said if the prosecuting witness refused to take a drink he would shoot, or words to that effect. While he advanced toward the prosecuting witness, he did not shoot and made no threatening movement with his arms. The court held, in effect, that as no intention to commit a battery was displayed inasmuch as the gun was not raised, no assault was committed. On the facts, we think that the threat and the advance might have been interpreted by other courts as an assault. However, the case is readily distin-

guished from the present one because there no shots were actually fired.

*Salisbury* v. *State,* 90 Tex. Crim. Rep. 438, 235 S. W. 901, was a case more in point. Defendant asked an instruction over specific intent to kill. The court, among other things, said: "One who shoots wantonly and recklessly into a car or building, known to him to be occupied, need not have the specific intent to kill any person to make him guilty of murder," citing cases, and further on: "Appellant cites many authorities wherein the theory of shooting to scare arose and was not submitted. In such cases, even though the jury believed the appellant only shot to scare and not to kill, he would nevertheless be guilty of an assault under the authorities submitted and under the third subdivision of article 1013, Vernon's P. C.", citing cases. And again: "Appellant admitted that he shot with the Winchester rifle, but denied any intent to injure, claiming that he only shot for the purpose of striking a tire and stopping said vehicle." Defendant was convicted of aggravated assault.

We shall not analyze the other authorities, but our examination satisfies us that the decisions of Texas are not at variance with the general jurisprudence.

Under the best of the authorities, as we read them, an assault is committed when a man is given reasonable ground to believe that another is trying to commit a battery. Under "reasonable ground" practically always is the deliberate shooting of a gun or pistol in the general direction where the prosecuting witness is to be found. A number of cases decide that even if the intent is only to frighten, the unauthorized or illegal shooting constitutes an assault. The idea of the law is to prevent a breach of the peace. When a person takes a dangerous weapon in his hand and directs it to a ship, house or automobile with the intention to alarm he is guilty of an assault. If the defendant shot merely to stop the car, as his admissions tended to prove, he shot to alarm.

The act of shooting to frighten is calculated to produce a breach of the peace, as a man so alarmed very generally is justified in replying with a shot. Some of the authorities that support this conclusion are as follows: *Salisbury* v. *State, supra; Malone* v. *State,* 26 S. 968; *State* v. *Baker* (R. I.), 38 A. 653; *Comm.* v. *White,* 110 Mass. 407; *Smith* v. *Comm.,* 100 Pa. St. 324, 329; *Hickey* v. *Welch,* 91 Mo. App. 4; Wharton's Criminal Law, Tenth Ed., vol. 1, pars. 605-608; *State* v. *Lehman,* Ann. Cas. 1917 D, 615, and note; *People* v. *Raher,* 92 Mich. 165, 31 A.S.R. 575; 5 C. J. 617.

Another assignment of error related to an alleged duplicity in charging that the shots hit the automobile, etc., but the words may be regarded as used in aggravation or as merely surplusage.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro dissented.

### DISSENTING OPINION OF MR. CHIEF JUSTICE DEL TORO.

The defendant was charged with a malicious and criminal assault on the person of Carlos P. Martínez by firing at him several shots with a revolver, that is, the offense specified in section 1 of the Act to define and punish assault, etc., of March 10, 1904 (Comp. 1911, p. 908), which reads as follows:

"Sec. 1. The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself an immediate intention, coupled with an ability to commit a battery, is an assault."

The defendant pleaded that the complaint did not charge the offense of aggravated assault because it did not allege that the act had been committed with intent to injure Martínez personally. The prosecuting attorney admitted that the complaint was defective. The court, however, said:

"The court understands that there must be in every crime the

intention and the act: the intention is an essential element, but in a case of attempt to commit assault and battery, that is, the offense of assault, the existence of the intention is not necessary.''

The prosecution insisted that the intention should be alleged in the attempt as well as in the assault. Notwithstanding, the court overruled the exception and the trial proceeded.

In my opinion the view held by the trial court was entirely erroneous, as this was a case of assault in a criminal action, and it is my opinion also that it was that erroneous view that led the court to render the judgment of conviction appealed from by the defendant.

Admitting that for other reasons it may be held that the demurrer was without merit, as the intent to injure Martínez personally could be inferred from the fact imputed to him, namely, *having assaulted him by firing at him several times with a revolver (People* v. *Montañez,* 31 P.R.R. 491), an examination of the evidence leads me to the conclusion that it was only by acting under the erroneous view as stated that the district court could have found the defendant guilty of the offense charged.

The evidence for the prosecution seems to me indeed suspicious under all of the circumstances, but starting from the basis that the trial judge might have rested his judgment on the testimony of some of the witnesses as to what the defendant said and he denied, the conclusion to be reached is that the defendant, who was a customs officer in Ponce and had good reasons for believing that the car driven by the complainant was carrying contraband, ordered him to halt and as he was not obeyed, he fired at the tires of the car with the intention of forcing him to stop.

Of course, if the defendant had wounded or killed any of the persons who were in the car, he would have been liable for the consequences of his act, but no such thing happened. The consequences were those natural from the intention.

As there was not the least evidence that the defendant fired with the intention of injuring the complainant, or that he had in fact injured him, how can he be convicted of having assaulted him with such intention?

By virtue of the foregoing I can not agree with the opinion of the majority. In my opinion the judgment appealed from should be reversed.