The judgment is reversed, and the cause remanded.

· PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

## CORDOSA v. STATE.
### No. 14757.

Court of Criminal Appeals of Texas.
Jan. 20, 1932.

B. L. Palmer, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment five years in the penitentiary.

The record is here without any bills of exception. No exceptions were taken to the charge of the court.

The evidence is in condition of direct conflict; the witnesses for the state testifying that but one shot was fired, and that by appellant, who shot and killed deceased. The defense witnesses, including appellant, testified that two shots were fired, and that deceased fired first. The jury are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, under our statute. They having accepted as true the testimony of the state witnesses, and there being evidence before them sufficient to support the verdict, the judgment will be affirmed.

## SHORT v. STATE.
### No. 14166.

Court of Criminal Appeals of Texas.
April 22, 1931.

Rehearing Denied Feb. 3, 1932.

Works & Bassett, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for aggravated assault; punishment, a fine of $200.

■■ Appellant was on trial charged with assault to murder. There was in the indictment no allegation as to the manner or means by which the assault was committed. Since by the terms of article 695, C. C. P., an assault to murder includes all assaults of an inferior degree, it was proper for the court to submit aggravated assault upon any phase of that offense in harmony with the facts. It appearing that appellant shot Mrs. Panick with a pistol, the bullet going through one arm and entering the other hand, and there being no question but that said pistol was used as a firearm, there would seem little, if any, need for any attempted definition of a "deadly weapon." However, the court told the jury that a loaded pistol was a deadly weapon as that term was used in the charge, which statement was excepted to, but no special charge was asked attempting to correct the error, if any. As an abstract proposition, the above was clearly erroneous. A pistol might have in it all the loads its cylinder or chambers could carry and yet be ineffective as a firearm for various reasons or defects. However, as stated above, there was apparently no need for any definition of said term, and, under the facts of this case, we regard the error as harmless. The pistol used by appellant was not only loaded, but fired repeatedly at the car in which Mrs. Panick was; one shot taking effect in her body as stated. It thus appearing without dispute that the pistol, in the manner of its use, was calculated to inflict death or serious bodily injury, we fail to perceive possible injury from the definition given. Jackson v. State, 90 Tex. Cr. R. 369, 235 S. W. 882; Juley v. State, 45 Tex. Cr. R. 391, 76 S. W. 468; Kosmoroski v. State, 59 Tex. Cr. R. 296, 127 S. W. 1056.

■ Appellant claimed that he shot at the tires of the car occupied by Mrs. Panick in order to stop the car, acting under the belief that his house had been burglarized by some unknown person whom he said he thought was trying to get away in said car. His rights under this theory were fully submitted as a defense against both assault to murder and aggravated assault. The court below told the jury that one had the right to kill to prevent burglary or theft at night, and, if they found that appellant believed his house had been burglarized, or his property had been taken therefrom, and believed Mrs. Panick to be the person who had committed either or both of said offenses, and that he used proper care to ascertain whether said house had been entered, or his property tak-

en, and to ascertain whether Mrs. Panick had committed either or both of said offenses —or if the jury had a reasonable doubt thereof, then regardless of whether said offenses or either of them had been committed, and regardless of whether Mrs. Panick had or had not committed either or both of said offenses—they should acquit appellant of both assault to murder and of aggravated assault. This charge seems to have been prepared in line with Joy v. State, 57 Tex. Cr. R. 103, 123 S. W. 584. The jury evidently declined to accept this defensive theory. We think the court's charge presenting same rendered unnecessary the two special charges asked by appellant on the same point.

■ Appellant further complains because the trial court refused to submit simple assault. In our opinion, this was correct. True, the last paragraph of article 1141, P. C., makes the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, an assault, and this court has construed this to constitute but a simple assault. Cases so holding are collated by Mr. Branch in section 1537 of his Annotated P. C. See Ivory v. State, 48 Tex. Cr. R. 279, 87 S. W. 699; Haygood v. State, 51 Tex. Cr. R. 618, 103 S. W. 890. But we must not lose sight of the fact that article 1147, P. C. provides that an assault or battery becomes aggravated when (subdivision 8) committed with deadly weapons under circumstances not amounting to an intent to murder or maim. The facts of any case must be given controlling weight in determining what the offense committed actually is. Nothing in this record supports any idea that the purpose of this appellant was merely to alarm or frighten the occupant or occupants of said car, save an expression used by him in his testimony wherein he said that he shot to scare them to stop. Appellant shot to injure the car, to puncture its tires, and thus stop the car and prevent the escape of the occupant. He stated this fact time and time again both directly and indirectly. His bullets hit the woman, making out a complete battery. He used a pistol as a firearm; same thus being a deadly weapon. The jury by their verdict have said that he had no right to use it for the purpose claimed by him. Being a deadly weapon under all our authorities, the assault committed was necessarily an aggravated assault or an assault to murder or maim. We cannot comprehend how one on trial for assault to murder, who says that he aimed at the leg or foot of the injured party, or shot at his hat or his arm, but only intended to scare such party, would be entitled to a charge on simple assault. We think the trial court correctly refused to submit such issue.

There are no bills of exception in the record; the only complaints being of the charge and the refusal of special charges.

Finding no error in the record, the judgment will be affirmed.

## On Motion for Rehearing.

HAWKINS, J.

Appellant calls attention to an error in our original opinion wherein we stated that no special charge was requested attempting to correct the erroneous definition of a deadly weapon. There was such a requested charge. It should have been given, or the one embraced in the main charge corrected. The exception to the charge was sufficient to preserve the point. An error in defining a deadly weapon will under the circumstances of some cases demand a reversal, while in others it will not. The undisputed evidence in the present record shows the weapon used was a "32 Colt's short" pistol; that it was used as a firearm within such distance of the injured party as that one bullet from it went through the glass in the car door, throwing shattered glass in Mrs. Panick's face, passed through the fleshy part of her right arm, and into her left hand, embedding itself against the bones. We take it there can be no doubt that as used the pistol was a deadly weapon. It was "calculated or likely to produce death or serious bodily injury." It was appellant's great good fortune that it did not do so. After again reviewing the facts and the authorities cited by appellant, we are unable to reach the conclusion that the error in defining a deadly weapon could have resulted in harm to appellant under the circumstances of the present case.

█ Appellant further contends that, because appellant did not know Mrs. Panick, nor know that it was she in the car, it was error for the court to tell the jury in substance that, if appellant believed she had burglarized his house, and was not guilty of negligence in reaching such conclusion, he should be acquitted. The evidence shows that she was the only party in the car, and, regardless of whether or not appellant knew her, the jury could not have been misled by the instruction.

Appellant still urges that the court should have given him the benefit of a charge on simple assault, under the provision of subdivision 3, art. 1141, P. C., which reads: " * * * The use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

In support of his proposition appellant refers us to the following cases: Teague v. State, 84 Tex. Cr. R. 169, 206 S. W. 193;

Eubank v. State, 115 Tex. Cr. R. 112, 28 S.W. (2d) 808; Drake v. State, 62 Tex. Cr. R. 130, 136 S. W. 1064, 1065; Price v. State, 81 Tex. Cr. R. 208, 194 S. W. 827; Ivory v. State, 48 Tex. Cr. R. 279, 87 S. W. 699; Catling v. State (Tex. Cr. App.) 72 S. W. 853; Pastrana v. State, 48 Tex. Cr. R. 224, 87 S. W. 347; Smith v. State, 114 Tex. Cr. R. 534, 26 S.W. (2d) 1069; Lire v. State, 113 Tex. Cr. R. 300, 21 S.W.(2d) 506; King v. State, 61 Tex. Cr. R. 190, 134 S. W. 687; Haygood v. State, 51 Tex. Cr. R. 618, 103 S. W. 890; Barnett v. State (Tex. Cr. App.) 93 S. W. 722; Reyes v. State, 48 Tex. Cr. R. 346, 88 S. W. 245; Bouldin v. State (Tex. Cr. App.) 74 S. W. 907; Mozee v. State (Tex. Cr. App.) 51 S. W. 250; Bean v. State (Tex. Cr. App.) 49 S. W. 394; Stanton v. State (Tex. Cr. App.) 29 S. W. 476. We have examined each of the cases with care. In all of them save one no injury whatever was inflicted, and, under the facts, the cases came clearly within the provisions of article 1141, quoted above. The Teague Case is the only exception. It presents facts so different from those in the present case we would not regard it as authority sustaining appellant's contention. As we construe the opinion, it holds that a shotgun loaded with fine shot might or might not be a deadly weapon when fired, depending on distance, etc. If in fact the gun as used was not a deadly weapon, the issue of simple assault might have been in the case. If as used it was a deadly weapon, the resulting injury was not less than aggravated assault and battery.

It is clear from the provisions of article 1141, P. C. that it was never contemplated that an assault such as there defined could ever culminate in actual injury. In the present case, there was actual injury inflicted with a deadly weapon. There was no accident about it, unless bad marksmanship can be designated as an accident. Appellant says he did not intend to shoot any one in the car, but was only shooting to stop it. He was discharging the pistol purposely towards the car under circumstances which might have resulted in death or serious bodily injury. Violence having been inflicted with a deadly weapon, we see no escape from the application of subdivision 8 of article 1147, which makes an assault aggravated when "committed with deadly weapons under circumstances not amounting to an intent to murder or maim."

The case of Salisbury v. State, 90 Tex. Cr. R. 438, 235 S. W. 901, is very similar upon the facts to those found in the present case. There conviction for aggravated assault was approved. The reasoning in the following cases seems adverse to the proposition presented by appellant: Bilyeu v. State, 103 Tex. Cr. R. 25, 279 S. W. 845; Davis v. State, 106 Tex. Cr. R. 300, 292 S. W. 220; McDonald v. State (Tex. Cr. App.) 22 S.W.(2d) 670.

Our state's attorney calls attention to a matter which he urges would in any event preclude a conviction for less than aggravated assault. The indictment charged appellant with assault with intent to murder, not particularizing the means by which the assault was committed. Such an indictment charges every phase of aggravated assault which may arise under the evidence. Lacoume v. State, 65 Tex. Cr. R. 146, 143 S. W. 626; Lofton v. State, 59 Tex. Cr. R. 270, 128 S. W. 384.

The undisputed evidence shows that appellant was an adult male and the injured party was a female. Subdivision 5, art. 1147, makes an assault aggravated when committed by an adult male upon the person of a female. Upon the trial, no notice was taken of this phase of the statute on aggravated assault. It seems applicable under the facts and the cases cited.

The motion for rehearing is overruled.